## 39382. TALLEY v. THE STATE.

SMITH, Justice.

Appellant was convicted of two counts of assault with a deadly weapon. The Court of Appeals affirmed. *Talley v. State,* 164 Ga. App. 150 (296 SE2d 173) (1982). Appellant's writ of certiorari was granted to consider the sole question of whether a portion of appellant's incriminating in-custody statement to a police officer which the officer failed to include in a transcribed summary for discovery was properly admitted into evidence. We affirm but for a different reason.

The victim testified that as he was jogging, the appellant attempted to run him down with a truck. Thereafter, appellant stopped on the roadside, argued with the victim, and slashed his throat with a knife. Appellant testified in his own behalf and contended that he acted in self-defense.

The victim identified the appellant from police records and appellant was arrested two days later. While being taken into custody, the appellant was searched and a knife removed from his person. Upon questioning, he stated orally to police that he had cut the victim with this knife. Appellant objected to police testimony relating this statement on grounds that the statement had not been among those materials turned over to the defense in pretrial discovery proceedings pursuant to OCGA § 17-7-210 (Code Ann. § 27-1302). The trial court admitted the testimony on grounds that it was newly discovered and admissible under OCGA § 17-7-210 (e) (Code Ann. § 27-1302). Appellant's subsequent motion for mistrial was denied and he appeals.

The appellant had been provided, according to the trial record, with a summary of his oral statement to police that he had cut the victim. The summary did not specify that appellant had told police that the knife recovered at the time of his arrest was the weapon actually used in the assault. Therefore, appellant submits, this was not newly discovered evidence admissible under OCGA § 17-7-210 (e) (Code Ann. § 27-1302), because the police were fully aware of the content of the statement even though the district attorney was not.

We agree. OCGA § 17-7-210 (Code Ann. § 27-1302) protects an accused from the introduction at trial of incriminating or inculpatory statements made by him while in police custody unless he has been furnished with written copies of these statements prior to trial. Statements made to an investigating police officer by an accused while in police custody are to be delivered to the defendant when timely requested pursuant to OCGA § 17-7-210 (Code Ann. § 27-1302). Such evidence is not newly discovered within the meaning of OCGA § 17-7-210 (e) (Code Ann. § 27-1302), and will be excluded

or suppressed in compliance with OCGA § 17-7-210 (c) (Code Ann. § 27-1302). Therefore we overrule the decision in *Ellison v. State,* 158 Ga. App. 419 (3) (280 SE2d 371) (1981) insofar as it is inconsistent with this opinion.

While appellant's statement about the knife he was carrying at the time of his arrest was incriminating in that it tended to relate him to a criminal act and therefore should have been excluded, we find it highly probable that this error did not contribute to the verdict. *Wallin v. State,* 248 Ga. 29 (5) (279 SE2d 687) (1981). The transcript as furnished included the appellant's statement that he cut the victim at the time and place in question. The appellant never denied that he cut the victim's throat, and the victim identified the knife at trial as exactly the type used in the assault. The report provided to appellant included everything he said to police except his acknowledgment that a particular knife was used. Thus the disclosed statement contained all the material facts necessary to the prosecution of the case. Admission of appellant's additional statement identifying the knife neither helped the prosecution nor harmed the appellant. Accordingly, we find that, considering all the evidence presented in this case, the error in admitting the appellant's statement that he used a particular knife to cut the victim was harmless.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1983 —
REHEARING DENIED JUNE 1, 1983.

*Samuel H. Harrison,* for appellant.
*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney,* for appellee.