### A91A1436. STEWART v. THE STATE.
(410 SE2d 380)

McMURRAY, Presiding Judge.

Defendant was indicted for murder (Count 1), felony murder during the commission of aggravated assault (Count 2) and possession of a knife during the commission of a crime (Count 3). The case was tried before a jury and defendant was found not guilty on Count 1, guilty of the lesser included offense of aggravated assault on Count 2, and guilty on Count 3. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the evidence was insufficient to support the jury's verdict. We do not agree.

Defendant admitted that he stabbed and killed the victim during a violent lovers' quarrel, but claimed that he inflicted the fatal wounds in self-defense. The State's evidence showed that the victim had multiple wounds over his body; that six knife wounds were found on the front and back of the victim's abdomen; that four of the abdomen wounds had a "depth [of] approximately six inches . . ." and that a knife with an "eight to ten inch . . ." blade and a broken handle was found under the victim's body. This evidence and evidence showing that the victim had "defense injuries" on "the hands and the forearm . . ." support the jury's finding, beyond a reasonable doubt, that the force defendant used against the victim was unnecessary in self-defense and that defendant's acts constituted aggravated assault of the victim with a knife blade three or more inches in length. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Next, defendant contends "[t]he trial court erred and prejudiced the jury in failing to instruct on specific intent and justification in its supplemental instruction."

During deliberations, the jury returned with the following pertinent question: "The charges that we received were malice and felony, but we also heard voluntary manslaughter and aggravated assault. How does aggravated assault and voluntary manslaughter fit in with felony and malice?" The trial court responded to the jury's questions and asked counsel, "is there any exception to the recharge?" Defendant's attorney responded, "Your honor, I think you correctly an-

swered the questions that they asked you. I respectfully prayed that you would charge on specific intent, and even though they did not request it on justification, and I know what your answer was to that."

"Where a jury requests a charge or recharge on a particular point, it is within the discretion of the judge to also give or not give additional instructions. *Taylor v. State*, 169 Ga. App. 842, 844 (315 SE2d 661) (1984)." *Walter v. State*, 256 Ga. 666, 668 (2) (352 SE2d 570). In the case sub judice, we find no abuse of the trial court's discretion in failing to recharge on specific intent and justification in its response to the jury's question. *Penn v. State*, 260 Ga. 117, 118 (6) (390 SE2d 584).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 12, 1991.

*Tony L. Axam*, for appellant.

*Robert E. Wilson*, District Attorney, *J. Michael McDaniel*, *Barbara B. Conroy*, Assistant District Attorneys, for appellee.