## A96A1057. MANER v. THE STATE.
(472 SE2d 716)

BIRDSONG, Presiding Judge.

Travis Maner, Jr., appeals his conviction of aggravated sexual battery and child molestation of then an approximately two- to three-year-old child victim. He enumerates ten errors. *Held*:

1. Appellant enumerates four claims of inadequacy of counsel.

(a) Appellant's trial counsel was not deficient, as asserted in appellant's first enumeration, in failing to call appellant to the stand to testify. The decision whether to testify in one's own behalf rests ultimately with the defendant after consultation with his counsel. *Van Alstine v. State*, 263 Ga. 1, 2 (426 SE2d 360). Appellant responded affirmatively when the trial court asked whether, after talking with his lawyer, he had made the decision not to testify and whether there was no dispute with his lawyer regarding this decision. Appellant's trial counsel testified at the motion for new trial hearing regarding his discussions with appellant that the latter made the ultimate decision not to testify. See Division 1 (b). Appellant's first enumeration of error is without merit. *Chambers v. State*, 266 Ga. 39, 42 (3) (463 SE2d 887); *Datz v. State*, 210 Ga. App. 517, 518 (3) (c) (436 SE2d 506).

(b) Appellant's second, third, and fourth enumerations of error

concern trial strategy or tactics. Appellant contends his trial counsel was deficient in failing to call defense character witnesses, in failing to present specific medical issues pertaining to the child victim (i.e., the presence of genital warts on the child), and in failing to present evidence known to counsel prior to trial regarding an alternate cause for the child's medical problems (i.e., child's temperature had been taken on at least one occasion with a rectal thermometer). " 'The decisions on [what] witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' " *Van Alstine*, supra at 3. At the hearing on appellant's motion for new trial, appellant testified inter alia that he had offered to go to the doctor to be checked for genital warts, that his counsel had met with him only once for a brief time period about a week before trial, that counsel made the decision that appellant not testify, and that counsel stated he did not want to call character witnesses because he desired to have the right to give closing argument and also because he did not want to open the door so that appellant's "gay" lifestyle could become known to the jury. Trial counsel testified inter alia that prior to trial he had discussed with appellant the issue of appellant's testifying in his own behalf; he also testified as to the trial strategy and tactics he employed in making an informed decision not to explore the issue of genital warts. Trial defense counsel expressly testified that he was not informed appellant had character witnesses available to testify in his behalf; counsel did not inquire as to their existence, as use of character witnesses was not consistent with his trial strategy. He also testified that he had met with appellant "a pretty good many times" prior to trial and had met repeatedly with appellant's male companion who frequently accompanied appellant to the attorney's office. Trial defense counsel stated he was aware of the witnesses and evidence at issue and had made strategic choices, for reasons which he described, not to utilize these particular trial options.

At the motion for new trial hearing, appellant's male companion and appellant (to whom the victim referred as "Uncle Junior") testified that the child's temperature had been taken by appellant's grandmother (the victim's great-grandmother) with a rectal thermometer. Appellant admitted he did not inform his trial counsel of this fact but claimed his family did so. No member of appellant's family, however, testified in support of this specific claim; neither was such a claim advanced in any proffer of expected testimony. Appellant's male companion testified as to one occasion when appellant had to hold the child victim's hands so his grandmother could take the child's temperature rectally. The companion, who had talked with

trial counsel three times before trial, could testify only that "maybe" he had informed appellant's trial counsel of this event, and he did not know if the thermometer had injured the child's rectum. The proffer of the grandmother's testimony included the contention that she had never talked with the trial counsel. Family members of appellant and the male companion were present at trial and available to testify as character witnesses for appellant. Trial counsel testified that he had never been informed of this fact and heard about it for the first time at the hearing.

The trial court found that the areas of conduct addressed in the second, third, and fourth enumerations of error were "areas reserved to the decision of counsel as trial strategy" and appellant "has failed to prove either element of an ineffective assistance of counsel claim." We agree.

In this case there clearly was no total failure of trial preparation as in *Cochran v. State*, 262 Ga. 106 (414 SE2d 211). "There exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity." *Datz*, supra at 518 (3) (a). To prevail on a claim of inadequacy of counsel, appellant must show counsel's performance was deficient and the deficient performance prejudiced the defense. *Grier v. State*, 266 Ga. 170, 173 (4) (a) (465 SE2d 655). "There is a strong presumption that trial counsel's performance 'falls within the wide range of reasonable professional assistance,' and that any challenged action by trial counsel ' "might be considered sound trial strategy." ' " *Ferrell v. State*, 261 Ga. 115, 119 (3) (401 SE2d 741). "Under the circumstances in this case, and relying on the 'strong presumption' that counsel's performance was not deficient, [cits.], we affirm the trial court's ruling that trial counsel was not ineffective as asserted." *Luallen v. State*, 266 Ga. 174, 176 (3) (a) (465 SE2d 672). Moreover, "[a] trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." *Jones v. State*, 217 Ga. App. 722, 723 (2) (458 SE2d 894).

2. Appellant's contention that the trial court erred in allowing the State to lead the child victim on direct examination, regarding matters stated by the victim to the court outside the hearing of the jury, is without merit. Following appellant's timely leading question objection, the trial court ruled it was going to allow both the prosecutor and the defense a "good bit of latitude" in examining the then four-year-old victim. "[I]t is well settled that the court may allow leading questions of a child witness." *Grier v. State*, 257 Ga. 539, 540 (1) (361 SE2d 379). The trial court's allowance of leading questions during direct examination of a child of tender years is not erroneous absent a clear abuse of discretion. *Johnson v. State*, 140 Ga. App. 246,

247 (3) (230 SE2d 499). Appellant has made no such showing. Appellant's counsel also acquiesced in the trial court's ruling. *Boatright v. State*, 192 Ga. App. 112, 116 (5) (385 SE2d 298).

3. Appellant contends the trial court erred in allowing Sergeant Davis to state her opinion regarding whether there was any evidence of persuasion or influence of the victim. The objection was overruled on the grounds appellant had opened the door by previously cross-examining the witness as to the existence of such conduct in other cases. Appellant cites no legal authority in support of this enumeration and contends that the witness would have had to be qualified as an expert to give such an opinion. After the objection was overruled, the witness testified she had seen no evidence of coaching of the child victim and thereafter explained what factors she looked for in determining whether a child had been coached.

The witness, who had been a police officer for seventeen years and a police sergeant for three of those years, was assigned as a juvenile officer, and had special training in the areas of children and law enforcement, sex crimes, and abused children. Training included several seminars a year and update training at a police academy. The witness had also studied about factors and signs pertaining to molestation, children's body language, and the reaction of children when something bad happens to them. Pretermitting whether there was no error because the witness subsequently was qualified tacitly as an expert witness by the trial court based on her experience and training (see, e.g., OCGA § 24-9-67; *Stewart v. State*, 246 Ga. 70, 75 (4) (a) (268 SE2d 906); *Ingram v. State*, 178 Ga. App. 292 (1) (342 SE2d 765)) or whether the witness could, without the door first being opened, express her opinion as to this issue as a lay witness (see, e.g., OCGA § 24-9-65; cf. *Jones v. Grogan*, 98 Ga. 552 (4) (25 SE 590)) is whether appellant opened the door for such testimony.

Prior to the question and answer at issue, the following colloquy, between appellant's trial counsel and the witness Sergeant Davis, occurred in the presence of the jury: "[Counsel] In *your experience and in your training*, have you come to the realization that occasionally that parents or people who have influence over little children *like this* will persuade them inappropriately in *these type cases*? [Witness] And those are the cases I don't make charges on. [Q.] Okay. . . . I mean there is no way you can ever be a hundred percent about something like that; is there? [A.] Not in all cases, no. Some of them there is one hundred percent, but not all. [Q.] Right. Sometimes it is obvious that the child is being influenced in some way, and sometimes you are not sure. Would that be a fair statement? [A.] In some cases, yes. [Q.] Okay. And has it been *your experience in investigating these cases — especially I am talking about children that are [T.'s, the named child victim's] age — that children of that age can be easily*

*influenced and persuaded by adults, particularly by their parents?*
[A.] They can be, but if you interview them and talk to them enough, you can tell whether they are being persuaded or coached or anything like that." (Emphasis supplied.) It is clear from this colloquy that not only did appellant's counsel elicit the purported expert opinion of the witness regarding the issue of the improper coaching or influencing of children's testimony but expressly made reference to the child victim by name and oblique reference to his tender age. Under these circumstances, appellant's trial tactics and conduct opened the door for the subsequent exploration of the subject of improper coaching or influence in this case and for the eliciting of the witness's opinion as to such matters. See *Beasley v. State*, 202 Ga. App. 349 (1) (414 SE2d 663); compare *Williams v. State*, 251 Ga. 749, 785 (312 SE2d 40). Also, it is well established that one cannot complain of a ruling that his own trial tactics or conduct procured or aided in causing. *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

4. Appellant has failed to preserve enumerations of error 7, 8, 9, and 10 for appellate review. In his appellate brief, appellant merely repeats verbatim enumerations of error 7 through 10 without advancing any legal argument or presenting any citations of legal authority in support thereof. " 'Grounds of error not covered by the brief or the argument of counsel . . . will be treated as abandoned. . . . Courts of review have the right to expect assistance from counsel by citation of authority or argument, and will be apt to accept the inference that the lack of interest by counsel is due to a conviction of the lack of merit.' " *Redwing Carriers v. Knight*, 143 Ga. App. 668, 676 (11) (239 SE2d 686). Enumerations of error 7, 8, 9 and 10 have been abandoned. Court of Appeals Rule 27 (c) (2); see *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630). Moreover, in the interest of judicial economy we note that as to appellant's claim in enumeration of error 7, unless time is averred as an essential element of the offense charged, the time of commission of the offense alleged in the indictment is immaterial. However, to sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. Compare *Jefferson v. State*, 136 Ga. App. 63, 66 (5) (220 SE2d 71) with *Bloodworth v. State*, 128 Ga. App. 657 (1) (197 SE2d 423).

5. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that

appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JUNE 21, 1996 — 

*Paul R. Cadle, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.