A96A1397. TUCKER v. THE STATE.
(474 SE2d 696)

McMURRAY, Presiding Judge.
Defendant was charged, via two-count indictment, with aggravated assault (assault with a deadly weapon) and possession of a knife during the commission of a crime. The evidence adduced at a jury trial reveals that defendant pulled a knife and stabbed the victim several times during an early morning brawl in the parking lot at a Waffle House restaurant. Although defendant claims that he stabbed the victim in self-defense, an eyewitness testified that she observed defendant exit an automobile and go for the victim with a knife as the victim "backed off" from the violent encounter.

The jury found him guilty on both counts of the indictment. This appeal followed. *Held*:

1. Defendant challenges the sufficiency of the evidence with regard to his conviction for aggravated assault, arguing that the proof is undisputed that he acted in self-defense when he stabbed the victim.

It is undisputed that defendant stabbed the victim several times during the parking lot brawl, once in the chest, once in the stomach and once in the back. The victim testified that the frontal abdominal wounds penetrated deep into his body and seriously damaged his internal organs. This evidence, and testimony that defendant exited an automobile and advanced toward the victim with a knife (at a

time when the victim was backing away from the fight), supports the jury's finding, beyond a reasonable doubt, that the force defendant used against the victim was unnecessary in self-defense and that defendant's acts constituted aggravated assault as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Stewart v. State*, 201 Ga. App. 190 (1) (410 SE2d 380). See *Palmore v. State*, 264 Ga. 108 (441 SE2d 405), and *Langham v. State*, 263 Ga. 750 (1) (438 SE2d 623).

2. In his third enumeration of error, defendant contends the trial court erred in admitting evidence of a blood-stained knife that law enforcement officers found in defendant's apartment a short time after the incident in which the victim was stabbed. Defendant argues that he did not knowingly, freely and voluntarily give law enforcement officers consent to search his home because he was drunk when he executed a consent to search form presented by the police and he was not advised of his right to refuse to allow such a search before he executed the consent to search form.

"In order to challenge the admissibility of evidence seized by the police, a defendant must file a motion to suppress before trial. ' " "(F)ailure to interpose a timely motion to suppress pursuant to the Act (Georgia Search and Seizure Act of 1966) constitutes a waiver of the constitutional guarantee with respect to the search and seizure in question. (Cits.)' " (Cits.)' *Stansifer v. State*, 166 Ga. App. 785, 788 (3) (305 SE2d 481) (1983)." *Moss v. State*, 196 Ga. App. 81, 83 (2) (395 SE2d 363). The record in the case sub judice indicates that defendant did not assert a motion to suppress before trial. Defendant therefore waived any right to complain about admission of the bloody knife that was found in his apartment based on an alleged unlawful search of his home.

3. In his second enumeration of error, defendant contends the trial court should not have admitted evidence of the bloody knife because the State failed to provide him with access to the knife ten days before trial as required by OCGA § 17-16-4 (a) (3).

If the State fails to comply with OCGA § 17-16-4 (a) (3), the trial court may prohibit the State from introducing the evidence it improperly withheld from the defense. This sanction, however, applies only where there has been a showing of prejudice to the defense and bad faith by the State. OCGA § 17-16-6. In the case sub judice, defendant made no showing that he was prejudiced as a result of the State's failure to make the bloody knife available to him prior to trial. No continuance was requested to cure any prejudice which may have precipitated as a result of the State's failure to comply with OCGA § 17-16-4 (a) (3). Consequently, the trial court was without authority, under OCGA § 17-16-6, to exercise discretion and exclude the bloody knife from evidence at trial. It thus follows that the trial

court did not err in admitting the blood-stained knife into evidence at trial.

4. Defendant contends the trial court erred in allowing the victim's testimony regarding the physiological consequences of his knife injuries, arguing that such testimony is either inadmissible hearsay, or a medical diagnosis which is outside the scope of the victim's non-professional comprehension. This enumeration provides no grounds for reversal as any error in admission of the victim's statements regarding his medical condition is merely cumulative of other admissible evidence regarding the savage extent of the victim's injuries. *Wright v. State*, 216 Ga. App. 486 (1) (455 SE2d 88).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 15, 1996.

*Stanley C. House, Richard T. Pacheco II*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.