A96A2022. BELL v. THE STATE.
(480 SE2d 241)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of theft by receiving stolen property, possession of a firearm during the commission of a crime and fleeing and attempting to elude a police officer.

At trial, Officer J. M. Cole of the DeKalb County Police Department testified that he followed defendant in his patrol vehicle after

he spotted defendant driving an automobile that had been reported stolen. Officer Cole explained that defendant attempted to avoid apprehension by abandoning the stolen automobile in a residential yard and fleeing into a nearby wooded area. Officer Patrick Shierling of the DeKalb County Police Department testified that he responded to Officer Cole's call for assistance; that he chased defendant through the wooded area and that he apprehended defendant after defendant "lost his footing in the high grass. . . ." Officer Shierling testified that defendant was the only suspect he saw fleeing from the stolen vehicle; that he observed defendant drop a handgun during the chase and that he is "100" percent certain that defendant is the suspect he observed fleeing from the stolen vehicle.

This appeal followed entry of the judgment of defendant's convictions and sentences. *Held*:

Defendant contends the trial court erred in denying a motion for mistrial he asserted in response to a law enforcement officer's unresponsive testimony regarding an incriminating statement defendant uttered at the arrest scene.[1] Defendant argued that the statement was inadmissible because the State failed to provide him with notice of the statement as required by OCGA § 17-16-4 (a) (1).

"If the State fails to comply with OCGA § 17-16-4 (a) ([1]), the trial court may prohibit the State from introducing the evidence it improperly withheld from the defense. This sanction, however, applies only where there has been a showing of prejudice to the defense and bad faith by the State. OCGA § 17-16-6." *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696). In the case sub judice, defendant made no showing that he was prejudiced as a result of the State's failure to make the custodial statement available to him prior to trial or that the State acted in bad faith in failing to comply with OCGA § 17-16-4 (a) (1). Further, defendant did not ask for a continuance to cure any prejudice which may have resulted as a result of the State's failure to comply with OCGA § 17-16-4 (a) (1). Consequently, the trial court did not have authority, under OCGA § 17-16-6, to exercise discretion and exclude defendant's incriminating statement from evidence at trial. It thus follows that the trial court did not err in denying defendant's motion for a mistrial.

Assuming, however, the trial court had discretion to grant defendant's motion for mistrial, we find it highly probable that any

---

[1] The incriminating statement was exposed during the following direct examination of an arresting officer: "[STATE'S ATTORNEY:] And what was the condition of [defendant] when you saw him with Officer Shierling after he was apprehended? A. Well, he was obviously exhausted from running, as we all were. He was hot and sweaty, seemed to have a slight odor of alcohol about him, and just at the time he was kind of just giving up. I remember him saying something about, okay, you got me, or something — [STATE'S ATTORNEY:] Let me stop you from saying anything that he said. All right, thank you, sir."

such error in failing to grant a mistrial did not contribute to the verdict as the evidence of defendant's guilt was overwhelming. *Mitchell v. State*, 260 Ga. 229, 230 (2) (391 SE2d 761). See *Talley v. State*, 251 Ga. 42, 43 (302 SE2d 355).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 6, 1997 — 

*James D. Michael*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Niria L. Dominguez, Assistant District Attorneys*, for appellee.