## A97A0199. FRANKLIN v. THE STATE.
(481 SE2d 852)

ELDRIDGE, Judge.

Voyage Franklin appeals his Cobb County conviction for possession of cocaine. We affirm as follows:

1. Appellant first contends that the stop of his vehicle was a mere pretext, unsupported by reasonable, articulable suspicion. Thus, appellant contends that the fruits of the subsequent consensual search, a rock of crack cocaine and two crack pipes, should have been suppressed as derived from the illegal stop. We do not agree.

The record demonstrates that while a BOLO ("be on the look out") had been placed on appellant's vehicle for possible involvement in drug activity, appellant's car was actually stopped by the Marietta police because a rear tail light was out. Appellant testified at trial that the arresting officer told him that he was stopped because his rear light was out and showed him "where was considered the defective light." Appellant did not at trial, nor does he before this Court, dispute that one of his rear lights was not working. Thus, the police officer was justified in stopping the appellant's vehicle in order to determine whether its operation was in violation of OCGA § 40-8-23 and/or OCGA §§ 40-6-25 and 40-6-26. See *Jordan v. State*, 223 Ga. App. 176 (477 SE2d 583) (1996); *State v. Adams*, 186 Ga. App. 87, 88 (366 SE2d 326) (1988). The evidence supports the trial court's determination that the stop of appellant's vehicle was permissible. *Wilder v. State*, 192 Ga. App. 891, 892 (386 SE2d 685) (1989). There was no error.

2. Next, appellant contends that the trial court committed reversible error by denying appellant's motion in limine to exclude a supplemental crime lab report allegedly served in violation of the new discovery act, OCGA § 17-16-1 et seq.

Pursuant to discovery, appellant received in a timely fashion an initial crime lab report in which the rock of alleged crack cocaine retrieved from appellant's car was analyzed and was determined to be positive for cocaine. Approximately two weeks before trial, the state requested additional testing be done on the two crack pipes that had been sent to the crime lab at the same time as the rock of cocaine; this supplemental report on the crack pipes' drug analysis also came back positive for cocaine residue. The supplemental report was served on appellant the day of trial, which was the date on which the state received it.

The new discovery act provides that "[i]f at any time during the

course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of [OCGA § 17-16-1 et seq.], the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice *and* bad faith, prohibit the state from introducing the evidence not disclosed[.]" (Emphasis supplied.) OCGA § 17-16-6. In the instant case, appellant did not request a continuance, and his motion to exclude the testimony regarding the contents of the supplemental crime lab report was properly denied in the absence of a showing.[1] See *Wellborn v. State*, 258 Ga. 570, 571 (372 SE2d 220) (1988); *Hand v. State*, 206 Ga. App. 501 (426 SE2d 18) (1992). As appellant failed to make the required showings, there was no error in denying his motion in limine as to the supplemental crime lab report.

3. Next, appellant contends that the trial court improperly allowed the state to introduce appellant's statement to the police. Immediately after getting out of his car, appellant, who appeared nervous, told the officer that he was on his way to the Cobb County jail in order to turn himself in and begin serving a sentence pursuant to a court order. Appellant showed the officer a green sentencing sheet with the notation that appellant should turn himself in at midnight on the night in question. The state tendered this evidence as part of the circumstances surrounding appellant's arrest, which circumstances were also relevant for impeachment purposes since appellant's vehicle was heading in the opposite direction from his stated objective, the Cobb County jail. "Where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded merely because it incidentally shows the commission of another crime. (Cit.) Although evidence may incidentally put character in issue or may be prejudicial, it may be admitted if otherwise relevant." *Hutson v. State*, 216 Ga. App. 100, 101 (453 SE2d 130) (1995). This evidence about which appellant complains was relevant and admissible. *Coney v. State*, 198 Ga. App. 272, 274 (401 SE2d 304) (1991).

Within this same enumeration of error, appellant also complains that the state improperly cross-examined appellant regarding the specific acts which resulted in the requirement that appellant turn himself in at the jail; appellant alleges that this area of cross-

---

[1] Because of monetary considerations, the crime lab does not conduct chemical tests on every item sent to them; additional tests on specific items must be requested by the state. This is the crime lab's policy, and appellant failed to demonstrate that this policy has been formulated in order to "sandbag" defense attorneys. Moreover, other than his mere assertion, appellant offered no evidence to support his contention that it is "standard practice" for the Cobb County District Attorney to delay until time for trial a request for additional tests from the crime lab beyond that which had already been performed.

examination "improperly placed his character in issue" without appellant first having "opened the door by introducing. evidence of good character" pursuant to OCGA § 24-9-20 (b).

During the defense case-in-chief, appellant took the stand and revisited the subject of the sentencing sheet and his statement to the arresting officer that he was on his way to turn himself in at the county jail. Defense counsel specifically asked appellant "[l]et me back up. Why did have [sic] to turn yourself in?" To which question the appellant replied, "Well, it was for a public indecency charge and obstruction." In addition, appellant testified as to the short duration of his sentence and the fact that the charges were simply misdemeanors to which he had pled guilty. Thereafter, the state cross-examined the appellant regarding the underlying acts which gave rise to the charges.

"Where the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b)[; r]ather, 'he has raised an issue which may be fully explored by the State on cross-examination.'" *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529) (1988); *Howard v. State*, 201 Ga. App. 164, 166 (410 SE2d 782) (1991). In the case sub judice, the state was "merely pursuing the specifics of a topic that appellant had introduced in his testimony on direct examination. . . . He cannot now complain that the prosecutor followed up on cross-examination." (Citations and punctuation omitted.) *Brown v. State*, 204 Ga. App. 523 (420 SE2d 61) (1992); *Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846) (1994). There was no error.

4. In his final enumeration of error, appellant contends that the trial court erred in allowing a state's witness, Marietta police officer Kelker, to give his opinion as to the "ultimate issue" in the case, i.e., that appellant was in possession of the cocaine found in his vehicle.

A review of the record demonstrates that the state's question to the officer on redirect examination, as well as the officer's subsequent answer, did invade the province of the jury: "[Question:] Detective Kelker, based on it being the Defendant's car, Brillo being found under the Defendant's feet, a push rod being found in the Defendant's pocket, and cocaine being found next to the Defendant, is it reasonable to assume that the Defendant was in possession of crack cocaine at that time? [Answer:] It's very highly probable that the cocaine belonged to him. I could see no other person that it would belong to other than him, because he had everything used to smoke it, to consume it. I couldn't — that makes me very sure that the cocaine is his. I'm — I'm very sure; it removes most of the doubt in my mind."

Whether or not appellant was in possession of the cocaine was the ultimate issue in the case sub judice, and this issue certainly did

not embody a subject matter "beyond the ken" of the average juror so as to permit testimony thereon. *Medlock v. State*, 263 Ga. 246, 248 (430 SE2d 754) (1993); *McMichen v. Moattar*, 221 Ga. App. 230, 231 (470 SE2d 800) (1996); *Flowers v. State*, 220 Ga. App. 814, 815 (468 SE2d 199) (1996). Thus, Officer Kelker's opinion testimony would be error, if the appellant had not opened the door to such testimony.

Prior to the opinion testimony about which he complains, appellant cross-examined each of the three officers called by the state regarding their opinion as to who was in possession of the cocaine: "[Cross-examination of Barnes:] [O]fficer, you were not sure who the crack rock — whether the crack rock belonged to Voyage Franklin [appellant] or Trina Williams [co-defendant] at the scene, correct? [Answer:] I believed it was Franklin Voyage's [sic][,]" and "[Cross-examination of Bishop:] [D]o you know who possessed either the crack or the crack pipes? Can you tell the jury who possessed those items[,]" and finally, "[Cross-examination of Kelker:] [C]an you tell this jury whether Mr. Franklin possessed the cocaine or whether Trina Williams possessed the cocaine?" A rather remarkable point is the amount of restraint, not often the prosecution's most abundant resource, shown by the state in waiting until the redirect of the last officer, Kelker, to pose the question about which the appellant now complains; the door had been open for such questioning with any one of the previous officers. "[I]t is well established that one cannot complain of a ruling that his own trial tactics or conduct procured or aided in causing." *Maner v. State*, 221 Ga. App. 826, 830 (472 SE2d 716) (1996). "Under these circumstances, appellant's trial tactics and conduct opened the door . . . for the eliciting of the witness's opinion" as to who was in possession of the cocaine. Id. There was no error in the trial court's ruling.

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED FEBRUARY 11, 1997.

*Richard D. Wilson*, for appellant.
*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Ann B. Harris, Nancy I. Jordan*, Assistant District Attorneys, for appellee.