A96A2059. HAMMITT v. THE STATE.
A96A2060. CROWDER v. THE STATE.
(482 SE2d 437)

BEASLEY, Judge.

Defendants Hammitt and Crowder were tried jointly and convicted by a jury. They were each sentenced pursuant to merger of two counts of robbery with two counts of armed robbery for the same offenses. OCGA §§ 16-8-40; 16-8-41. The robberies were the joint enterprise of defendants, who took clothing from two youths at knifepoint in an alley late at night.

The appeals are consolidated for review and decision because the issues are the same in that Crowder has adopted the enumerations of error and brief of Hammitt. The first enumeration is that the court erred in refusing to grant a mistrial, and the second enumeration raises the same underlying ground in claiming error in the denial of the motions for new trial.

Appellants argue that the State violated the discovery rule contained in OCGA § 17-16-7, with the result that defendants were prejudiced at trial by not having the victim-witnesses' statements to the police in advance of the trial. This, they say, hampered their cross-examination and ability to impeach the witnesses' testimony and was exacerbated because defendants did not see the statements until after the witnesses testified.

Prior to arraignment, defendants invoked the criminal discovery rule contained in OCGA § 17-16-7 by filing formal requests for "any statement of any witness against defendant." The statute requires the opposing party, in this case the prosecution, to produce statements of any witness which the party intends to call as a witness at trial.

The two young victims in this case testified for the State and were cross-examined on behalf of both defendants. Later, when a police detective testified, he indicated that recorded statements had been given by both victims in the course of his investigation. Defendants objected and moved for mistrial on the ground that the State had not produced the statements, only summaries. The court ordered a recess so counsel could read the transcripts of the recordings. After this was accomplished, defendants still insisted on mistrial. They explained to the court that the statements conflicted with what the witnesses had testified at trial, particularly with regard to whether a weapon was present and used and to the sequence of events.

The court offered to have the two witnesses returned for further cross-examination, but defendants rejected this proposal because of the possibility the two witnesses had talked together about their testimony after they were excused. Counsel admitted, however, that the failure to provide the verbatim statements would be rectified by a new trial because defendants now had the statements.

The State followed an open file policy in this case before trial but the prosecuting attorney's file did not contain the tape or the transcripts of it; the police had them. The interview summaries provided to defendants noted they were based on taped interviews. The court found that the State had failed to comply with the discovery statutes, in particular OCGA § 17-16-4 regarding audio tapes, by not obtaining the full statements from the police and producing them for the defendants. It then relied on the authority given in OCGA § 17-16-6 to fashion a remedy.

After recounting that there had been substantial cross-examination of one of the victim-witnesses about inconsistencies, that both counsel had opportunity to review the transcripts during the trial recess, and that the court was requiring the State to summon the two witnesses for further cross-examination if either defendant wished it, the court denied a mistrial.

Thereafter, the audio tapes of both interviews were played for the jury, and neither victim was recalled by either defendant for further cross-examination.

OCGA § 17-16-6 provides in part: "If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this [discovery] article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances." The legislature does not impose a rigid or exclusive remedy for defendant nor a fatal consequence to the State on failure to comply with the discovery mandates. Instead, it leaves for the trial court the authority to use its judgment to assure a fair trial.

Considering all the circumstances here, and there appearing no prejudice to either defendant by the State's failure to produce before trial the transcripts or alternatively the tapes pursuant to OCGA §§ 17-16-4 (a) (3) and 17-16-7, we hold that the trial court did not abuse its discretion in refusing to grant a mistrial or a new trial. See *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996).

*Judgment affirmed. Blackburn, J., concurs specially. Birdsong, P. J., concurs in the judgment only.*

BLACKBURN, Judge, concurring specially.

I concur in the judgment of the court, but write separately to address the prosecution's obligations under the new discovery statutes, OCGA § 17-16-1 et seq.

Under the new discovery scheme, a defendant who opts into the statute is entitled to certain discovery from the state. Among other things, the defendant is entitled to pretrial discovery of any witness statements in the state's possession (§ 17-16-7), certain statements of the defendant (§ 17-16-4 (a) (1)), and the defendant's criminal history (§ 17-16-4 (a) (2)). The defendant is also entitled to review and copy any documents or other items in the state's possession, including scientific reports, which the state intends to use as direct or rebuttal evidence (§ 17-16-4 (a) (3) and (4)). In return for this entitlement, the defense is required, among other things, to provide reciprocal discovery of documents and items in its possession (§ 17-16-4 (b)) and to provide discovery regarding any alibi defense (§ 17-16-5).

OCGA § 17-16-1 (1) provides that " '[p]ossession, custody, or control of the state or prosecution' means an item which is within the possession, custody, or control of the prosecuting attorney *or any law enforcement agency involved in the investigation of the case being prosecuted.*" (Emphasis supplied.)

OCGA § 17-16-6 gives the trial court discretion in fashioning a remedy where the state fails to perform its discovery obligations. The statute provides that "the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances."

This statute clearly reflects two principal goals. First, and most important, any remedy fashioned by the trial court must be designed to restore to defendant all those rights which the legislature intended for the defendant to have had the state met its burden under the statute, and to correct the prejudice to the defendant caused by the state's failure to perform its mandatory discovery obligations, regardless of whether the state acted in bad faith. Second, the statute clearly contemplates the imposition of punitive sanctions, including the exclusion of evidence, to deter the state from violating its discovery obligations. This deterrent goal is important because, if the most serious consequence of a failure to perform is the mere grant of a continuance, the state would have little incentive to ensure that it fully complies with its discovery obligations.

Although a trial court has discretion to fashion a remedy, this discretion is not unlimited, and this Court should not hesitate to review orders to ensure that the prejudicial effect of the state's fail-

ure is minimized and that the legislative purposes have not been thwarted.

Here, after a police witness testified to the existence of the tapes, the trial court allowed a recess of the trial, during which time defense counsel reviewed *transcripts* of the tapes. After this recess, defense counsel pointed out several apparent inconsistencies in the statements. Defense counsel moved for a mistrial but did not request a continuance.

The court found that at the time defense counsel reviewed the prosecution's file, the file contained a copy of a one-page summary of evidence specifically identifying the taped interviews with the victims. The court concluded that it therefore does not appear that the prosecution intentionally concealed the existence of the tapes from the defendants. The fact that the tapes were enumerated on a list of possible evidence, however, does not satisfy the state's obligation to *produce* the tapes. The burden is on the state to produce any witness statements and to make available for inspection all discoverable items in its possession, including any items in the possession of the police. The burden is not on defense counsel to pry such items from the grip of the state based on clues to their existence found in the state's file. The defendant is entitled to presume that items not produced do not exist and to plan his trial strategy accordingly. A finding of bad faith in *failing to produce required evidence* cannot be avoided by the practice of leaving references to the existence of such evidence in the state's file rather than producing same. The obligation is to *produce* the evidence, and its presence on a list in the state's file simply establishes that the state is aware of its existence.

As the burden is on the prosecution to produce or assemble for review all discoverable evidence, it has an affirmative obligation to keep apprised of all discoverable items in its possession or in the possession of the police. The prosecution cannot avoid a finding of bad faith by merely claiming ignorance of the contents of the police file. Where the prosecution fails to produce discoverable items, and does not provide an adequate explanation for its failure, these facts alone would be sufficient to authorize the trial court to infer bad faith. This is particularly so where the state attempts to *use* such evidence at trial without having disclosed it to the defense.

A primary purpose of requiring disclosure of evidence and witnesses well in advance of trial is to allow counsel time to reflect with deliberation upon such evidence, to consider how it could best be presented at trial and how it affects his overall trial strategy, and to seek to develop other evidence to corroborate or impeach the discovered evidence. When wrongfully withheld evidence is disclosed for the first time in the middle of a trial, the defendant may be presumed to have been prejudiced, as his attorney has not had the opportunity

to reflect upon such evidence and to determine what other investigation may be required as a result of its use and how it impacts the existing trial strategy and the subpoena and call of witnesses.

I disagree with the majority's statement that there was no prejudice to the defendants by the state's failure to produce the tapes. Where a defendant has been denied a statutory right by the conduct of the state, such defendant has lost all of those pre-trial benefits described above, which the legislature intended the defendant to have. It is inappropriate to permit the state to violate its statutory duty and to require a showing of harm by the defendant to address such violation.

It is clear in this case that the state violated its obligations under the discovery statute. The state was obligated to produce the tapes of the victims under OCGA § 17-16-7, regardless of whether the tapes were in the possession of the prosecution or the police. See OCGA § 17-16-1 (1).

In denying the motion for mistrial, the trial court stated that it would allow defendants to recall the victims to question them about alleged inconsistencies between their recorded statements and their trial testimony. This remedy fails to restore to defendants all those rights outlined above, which the legislature intended the defendants to have. While a continuance of a proper length, coupled with the right to recall the witnesses, would have restored such rights, defendants did not request such relief. Inasmuch as the trial court was never called upon to invoke this remedy, there can be no error in a continuance not being granted. It cannot therefore be said that the trial court erred in denying the motion for mistrial when an appropriate, less drastic measure was not requested. See *Prejean v. State*, 209 Ga. App. 411, 414 (5) (433 SE2d 628) (1993) (affirming denial of motion for mistrial where defendant made no request for continuance).

While I concur in the judgment of the majority, I would apply the above analysis.

DECIDED FEBRUARY 18, 1997 —
RECONSIDERATION DENIED MARCH 3, 1997 — ▮▮▮▮▮▮▮▮

*Lloyd C. Burton, Keith Williams*, for Hammitt.
*Richard E. Barnes*, for Crowder.
*Stephen F. Lanier, District Attorney, Emory B. Thompson, Assistant District Attorney*, for appellee.