## A97A0126. WILLIAMS v. THE STATE.
### (485 SE2d 837)

BLACKBURN, Judge.

Christopher J. Williams appeals his conviction of armed robbery, contending that the court erred in allowing the testimony of a witness and in failing to charge the jury regarding the effect of a confession by a joint conspirator.

The evidence shows that Williams and Matt Griffin drove to a Piggly Wiggly store in the early morning hours of October 28, 1995. Griffin entered the store by himself and robbed a Piggly Wiggly employee at gunpoint. In a statement to police offered at trial, Williams stated that Griffin returned to the car and told Williams to drive. Williams stated that Griffin showed him money and said that he had robbed the Piggly Wiggly with a fake gun. Griffin gave Wil-

___

[2] *In re Leeling*, 129 B. R. 637 (Bkrtcy. D. Colo. 1991).

liams some of the money from the robbery.

At trial, the State also offered the testimony of Heath Register. Register testified that he had a discussion with Williams and Griffin at the Ocilla Sweet Potato Festival, in which Williams and Griffin bragged about having robbed the Piggly Wiggly store.

1. Williams contends the trial court erred in allowing the testimony of Register, because the State failed to comply with its discovery obligations under OCGA § 17-16-1 et seq.

In reviewing a trial court's decision whether to impose sanctions or take other corrective action as a result of the State's failure to comply with its discovery obligations, the appropriate standard of review is whether the trial court abused its discretion. See OCGA § 17-16-6.

At trial, Williams' attorney stated that he was not served with any discovery with respect to Register, and that he had no idea what Register would testify to. He stated that, "I object on that basis, that I was not properly served under the discovery statutes." Williams' attorney did not articulate the grounds for his objection until after Register had testified before the jury. At the start of Register's testimony, Williams' attorney asked to approach the bench. Following an unrecorded bench conference, the court stated that it would allow Williams' attorney to make an objection at a later time as if it were being made at that time. The attorney made his objection at the conclusion of Register's testimony, outside the presence of the jury.

OCGA § 17-16-6 provides that, if the State fails to comply with its discovery requirements, "the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances." Williams did not request any of these items of relief, but merely stated that he "objected" on the basis that he was not properly served under the discovery statutes. As Williams did not request any relief, the court did not err in allowing Register to testify.

Furthermore, at the time he made his objection, Williams' attorney did not present to the trial court evidence of how the State had failed to comply with its discovery obligations, but merely stated that he had not been served with any discovery regarding Register. He did not indicate that he believed the State possessed any documents which should have been produced, nor did he request a continuance of the trial to review the State's files to see if it possessed any documents which should have been produced. The prosecutor admitted that he had personally spoken with Register the day before trial. Although the State did not provide Williams with a summary of Register's statement to the prosecutor, it was not obligated to do so

under the discovery statute. OCGA § 17-16-1 (3) provides that notes or summaries prepared by counsel do not constitute statements of witnesses, which must be provided to defense counsel under OCGA § 17-16-7. Thus, the State was not obligated to provide Williams with a summary of Register's statement to the prosecutor.

On appeal, Williams contends that the State in fact had obtained a previous statement from Register. Williams included, as part of the record on appeal, the transcript of a probable cause hearing held several months before trial, in which a police investigator testified that he had taken a statement from a witness regarding Griffin's statements at the Ocilla Sweet Potato Festival. Although the investigator could not remember the witness' name, it appears he was referring to Register.

If the police did obtain a written statement from Register and the State failed to produce such statement to Williams, this would have been sufficient to enable the trial court to find bad faith on the part of the State and to exclude Register's testimony. See OCGA § 17-16-1 (1) (items in possession of State include items in possession of law enforcement agencies). However, although Williams' attorney was present at the probable cause hearing where the statement was discussed, he did not present this evidence to the trial court. Indeed, Williams' attorney stated that he had no other response to make on the issue. Therefore, such evidence cannot be considered by this Court in reviewing the trial court's action. See *Ga. Farm Bureau Mut. Ins. Co. v. Shook*, 215 Ga. App. 66, 67-68 (449 SE2d 658) (1994) ("this court cannot consider evidence not presented to the trial court"). On the basis of the evidence presented to the trial court, it did not abuse its discretion in allowing Register's testimony.

2. Williams contends the court erred in failing to charge the jury on OCGA § 24-3-52, which provides that "[t]he confession of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself." However, Williams failed to make a written request for such charge. Indeed, the record does not reveal that Williams even made an oral request for such charge. "[W]here there has been no written request to charge, failure to give the charge is not error." (Punctuation omitted.) *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219) (1991). Accordingly, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 30, 1997.

Before Judge Forehand.

*L. Clark Landrum*, for appellant.

*C. Paul Bowden, District Attorney, Gary C. McCorvey, Assistant District Attorney*, for appellee.