A97A1991. MARSHALL v. THE STATE.
(495 SE2d 585)

Judge Harold R. Banke.

Fred James Marshall was convicted of burglary. He enumerates two errors on appeal.

This case arose after Marshall cut the screen and entered a window into the home the two elderly female victims shared. The victims, sisters, awoke to discover that two pocketbooks containing approximately $60 were missing. The responding officer searched the area surrounding the house and found the purses in a nearby dumpster. Inside one, he found a rubber glove which the victims denied was theirs.

Three months later, the victims were burglarized a second time and raped. Marshall was arrested but not charged in the crimes. He

then became a suspect in the initial burglary, at which point the authorities sent the rubber glove to the crime lab, three months after the crime at issue here. Latent prints from all five fingers on Marshall's right hand were found on the glove. *Held*:

1. Marshall's rights to confrontation and a thorough and sifting cross-examination were not abridged by constraints placed on his inquiry into the delay in sending the glove to the crime lab. After Marshall moved in limine to exclude any reference to the rape, the State agreed to avoid that topic. In conjunction with argument on that motion, however, the State asked that Marshall refrain from raising the issue of law enforcement's failure to have the glove tested immediately after the first burglary. Over Marshall's protest that he should be permitted to explore what he characterized as "sloppy police work," the trial court held that if Marshall broached the issue, the State could explain the delay with testimony that Marshall did not become a suspect until the rape and second burglary.

"The object of all legal investigation is the discovery of truth." OCGA § 24-1-2. Marshall in effect sought to mislead the jury by discrediting law enforcement for its investigatory delay, while preventing the State from offering an explanation. We cannot say the trial court abused its discretion by permitting the State to provide a truthful answer if Marshall chose to pursue that issue. Compare *Garcia v. State*, 267 Ga. 257, 259 (7) (477 SE2d 112) (1996).

" 'The Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' [Cit.]" *Price v. State*, 223 Ga. App. 185, 189 (8) (477 SE2d 353) (1996). Having reviewed Marshall's cross-examination of the investigating officer, which thoroughly explored the methods used in the instant investigation, we cannot say the trial court's ruling abridged Marshall's rights. Compare *Hines v. State*, 249 Ga. 257, 259-260 (2) (290 SE2d 911) (1982).

2. The trial court erred in allowing the admission of an incriminating in-custody statement Marshall made to a detention technician which was not timely provided to the defense as required by OCGA § 17-16-4 (a) (1). That statute mandates disclosure of any "relevant . . . oral statement made by the defendant while in custody, whether or not in response to interrogation" no later than ten days prior to trial.[1]

Just prior to resting, the State sought permission to recall the detention technician who fingerprinted Marshall to testify that Mar-

---

[1] The record shows that Marshall opted to participate in reciprocal discovery under OCGA § 17-16-1 et seq.

shall asked him, "How can they get you for burglary when there isn't any money in the purse?" In explaining the State's failure to provide Marshall's statement to the defense, the prosecutor asserted that the detention officer had informed her of the statement only ten minutes earlier. Marshall then moved for a continuance and a mistrial, claiming the statement affected the entire theory of his case. After questioning the officer, who admitted that the prosecutor's office had called him "a couple of times" prior to trial, the court denied these motions but permitted Marshall to interview the witness shortly before he was recalled to testify.

The reciprocal discovery statute vests trial courts with broad discretion to remedy violations of its provisions.[2] OCGA § 17-16-6. The purpose is twofold: to deter the State from violating its discovery obligations and to correct the prejudice to defendants caused by such violations. *Dickey v. State*, 179 Ga. App. 383, 385 (1) (346 SE2d 864) (1986) (construing OCGA § 17-16-6's precursor). To promote these dual goals, trial courts may "order the [S]tate to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the [S]tate from introducing the evidence not disclosed, . . . or may enter such other order as it deems just under the circumstances." OCGA § 17-16-6. While the range of remedies permitted by OCGA § 17-16-6 is wide, the trial court's discretion is not unlimited, particularly when its exercise affronts these goals. *Williams v. State*, 226 Ga. App. 313, 314 (1) (485 SE2d 837) (1997) (abuse of discretion standard of review).

Here, the State justified its failure to conform to the discovery rules on newly discovered evidence grounds. It is, however, undisputed that Marshall delivered the statement to a law enforcement officer included on the State's witness list while in police custody well before trial.[3] Such evidence is not "newly discovered" despite the prosecutor's ignorance of it. *Talley v. State*, 251 Ga. 42 (302 SE2d 355) (1983) (construing OCGA § 17-16-6's precursor, OCGA § 17-7-210); *Ludy v. State*, 177 Ga. App. 767, 768 (1) (341 SE2d 224) (1986). On the contrary, the statement was actually in the prosecution's possession from the time it was communicated. OCGA § 17-16-1 (1) (evidence garnered by "any law enforcement agency involved in the investigation of the case" is in the possession, custody, or control of the State or prosecution); see *Hammitt v. State*, 225 Ga. App. 21, 24

---

[2] This discretion is a departure from OCGA § 17-16-6's predecessor, OCGA § 17-7-210 (c), which mandated exclusion upon the State's failure to comply with a defendant's timely written request for a copy of his oral or written statement.

[3] This fact distinguishes *Broomall v. State*, 260 Ga. 220, 221-222 (2) (391 SE2d 918) (1990), on which the State relies. In *Broomall* the newly discovered information was in possession of an insurance agent, not law enforcement, and was provided to the defendant prior to trial.

(482 SE2d 437) (1997) (Blackburn, J., concurring specially) (absent an adequate explanation, the State's failure to satisfy its affirmative duty to keep apprised of and produce all discoverable items in police possession justifies an inference of bad faith).

In the absence of an adequate explanation, the State's failure to produce the incriminating admission, which provided the only direct evidence of guilt in this case, was clearly improper. Moreover, the timing of its disclosure to Marshall, shortly before its admission at the close of the State's case, prevented Marshall from reflecting on the evidence, preparing a response, developing other evidence to impeach the testimony, or reconsidering his trial strategy. Id.

We believe the trial court abused its discretion in its handling of the State's request to admit this evidence and its denial of Marshall's motion for continuance. See *Livingston v. State*, 266 Ga. 501, 502 (1) (467 SE2d 886) (1996). The admission of this evidence under these circumstances certainly provides the State with no present or future incentive to ensure full compliance with its discovery obligations, one of OCGA § 17-16-6's fundamental goals. *Hammitt*, 225 Ga. App. at 23. Nor can we say that the trial court attempted to minimize the prejudice caused by the State's failure to comply with OCGA § 17-16-4 (a) (1). Id.

However, in light of the overwhelming evidence against Marshall, including his fingerprints on the glove found in the victim's purse and similar transaction testimony that Marshall admitted to burglarizing three other apartments in the same manner, we find it highly probable that the error did not contribute to the jury's verdict. *Sterling v. State*, 267 Ga. 209, 213 (8) (477 SE2d 807) (1996). Thus, we are constrained to find the error harmless. Had the evidence been less powerful, we would not hesitate to reverse.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 8, 1998.

*Paige A. Pastor*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Carol M. Kayser, Assistant District Attorneys*, for appellee.