A98A0046. HILL v. THE STATE.
(502 SE2d 505)

ANDREWS, Chief Judge.

A jury found Malika Hill guilty of mutiny based on evidence presented by the State that while he was in the lawful custody of the Ware County Jail, Hill assailed a detention officer with the intent to cause serious bodily injury. OCGA § 16-10-54. On appeal, Hill claims the trial court violated the provisions of OCGA § 17-16-6 and his rights under the Sixth and Fourteenth Amendments to the United

States Constitution by excluding the testimony of two witnesses he intended to call in his defense.

At the commencement of the trial, Hill's defense counsel announced that in addition to the defendant, the defense intended to call two witnesses, Faye Robinson and Ivory Sallet. The State moved to exclude the testimony of the two witnesses on the basis that Hill, who elected to apply the discovery provisions of OCGA § 17-16-1 et seq. to the case, failed to disclose the witnesses to the State as required by OCGA § 17-16-8 (a). Defense counsel responded that she had become aware of the necessity of the testimony of the witnesses too late to comply with the disclosure requirements of the discovery statute. The trial court granted the motion and excluded the testimony of both defense witnesses on the basis of the discovery statute.

Just prior to the defense's presentation of testimony from Hill, the trial court asked defense counsel to explain who the two excluded witnesses were. Defense counsel stated that Sallet was another inmate incarcerated with Hill at the time of the incident and that Robinson was Hill's mental health counselor. After defense counsel reviewed a statement given by Robinson summarizing what that witness would have testified to, defense counsel told the trial court that, "I don't believe [Robinson's testimony] would have added or taken away anything." As to Sallet, there was no evidence regarding the witness' expected testimony. Defense counsel admitted to the trial court that she had known about Sallet's existence for "some while" and conceded that the lack of notice "was our failure," but she reiterated that the failure to give the required notice was because "we found [the witness] late." After this inquiry, the trial court let stand its order excluding the testimony of both witnesses.

Defense counsel was required to disclose defense witnesses to the prosecuting attorney under the provisions of OCGA § 17-16-8 (a). The consequence of defense counsel's failure to comply with this discovery requirement is set forth in OCGA § 17-16-6 which provides that, "[i]f at any time during the course of the proceedings it is brought to the attention of the court that the defendant has failed to comply with the requirements of this article, the court may order the defendant to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the defendant from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances." Accordingly, the trial court had discretion under OCGA § 17-16-6 to exclude the testimony of a nondisclosed defense witness only upon a showing of prejudice to the State and bad faith by the defense. See *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996); *Williams v. State*, 226 Ga. App. 313, 314 (1) (485 SE2d 837) (1997).

We need not engage in any inquiry as to the exclusion of Robinson's testimony because the record shows that after defense counsel reviewed this witness' expected testimony, she waived any claim as to Robinson by conceding to the trial court that the testimony was not relevant. As to the exclusion of Sallet's testimony, however, even if there was a basis for the trial court to conclude that the defense acted in bad faith in failing to disclose the witness, there was no evidence of the expected testimony or other evidence upon which the trial court could conclude that the State would have been prejudiced by its admission without prior disclosure in compliance with the statute. Without a basis to conclude that the State would be prejudiced unless the witness' testimony was excluded, the trial court abused its discretion by excluding Sallet as a defense witness.

Nevertheless, on appeal the burden was on Hill to show not only that the trial court erred but that he was harmed by the error. *Hall v. State*, 202 Ga. 619, 620-622 (44 SE2d 234) (1947). Hill cannot rely on the trial court's erroneous exclusion of the witness as a basis for reversal of his conviction on appeal without an offer of proof in the trial record concerning the testimony he expected the witness to give. *Cruz-Padillo v. State*, 262 Ga. 629, 631 (422 SE2d 849) (1992). Without any record of what Sallet was expected to say in defense of Hill, this Court cannot determine if the error in excluding the witness under OCGA § 17-16-6 was harmful. *Hall*, supra. Accordingly, Hill failed to carry his burden of demonstrating that there was harm requiring reversal of his conviction. Since Hill's claims of error based on the compulsory process clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment are also subject to harmless error analysis, it follows that Hill has failed to carry his burden on these constitutional claims of demonstrating that the exclusion of Sallet's testimony was harmful error requiring reversal. *Crane v. Kentucky*, 476 U. S. 683, 690-691 (106 SC 2142, 90 LE2d 636) (1986).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur and concur specially.*

BLACKBURN, Judge, concurring specially.

I concur in the judgment of the majority. I write separately to stress the necessity that sanctions and remedies under OCGA § 17-16-6 be applied equally to the defendant and the State.

OCGA § 17-16-6 provides that, if the State fails to comply with discovery requirements, "the court may order the [S]tate to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the [S]tate from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just

under the circumstances." The statute goes on to apply the same standard to a defendant who fails to follow applicable discovery procedures.

"This statute clearly reflects two principal goals. First, and most important, any remedy fashioned by the trial court must be designed to restore to [the State or to a] defendant all those rights which the legislature intended for [the State or] the defendant to have had [the opposing party] met [his or] its burden under the statute, and to correct the prejudice [to the State or] to the defendant caused by the [opposing party's] failure to perform . . . mandatory discovery obligations, regardless of whether the [party failing to do so] acted in bad faith. Second, the statute clearly contemplates the imposition of punitive sanctions, including the exclusion of evidence, to deter [a party] from violating its discovery obligations. This deterrent goal is important because, if the most serious consequence of a failure to perform is the mere grant of a continuance, the [parties] would have little incentive to ensure that [they] fully [comply] with . . . discovery obligations." *Hammitt v. State*, 225 Ga. App. 21, 23 (482 SE2d 437) (1997) (Blackburn, J., concurring specially).

On its face, OCGA § 17-16-6 assumes, as it must, that the State and a criminal defendant begin on a level playing field at the outset of trial. Each party has similar remedies against the other should there be a deviation from the standard discovery procedure set forth under the Georgia Code. If OCGA § 17-16-6 is neutrally applied in practice to both the State and criminal defendants, then the goals of the statute are satisfied.

On the other hand, if the courts do not apply sanctions or remedies equally to the defendant or the State for comparable breaches of duty, the goals of the statute will be fatally undermined. This Court has consistently required defendants to seek continuances when confronted with the State's failure to meet its duty under OCGA § 17-16-6. See, e.g., *Williams v. State*, 226 Ga. App. 313, 314 (1) (485 SE2d 837) (1997); *Franklin v. State*, 224 Ga. App. 578 (2) (481 SE2d 852) (1997); *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997).

On the other hand, this Court routinely affirms the trial court's exclusion of evidence where it is the defendant who has failed to meet its burden under OCGA § 17-16-6, without requiring the State to first seek a continuance of the case. While the statute is neutral as to the parties, the practice is to apply the statute to the benefit of the State. What is good for the goose may indeed be good for the gander, but only if they start from a position of equality on a level playing field.

I am authorized to state that Judge Eldridge joins in this special concurrence.

DECIDED MAY 18, 1998.

*John D. Staggs*, for appellant.

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.