77048. RYAN v. THE STATE.
(373 SE2d 262)

SOGNIER, Judge.

Steven Dennis Ryan was found guilty of burglary and he appeals.

In his sole enumeration of error appellant contends the trial court erred by allowing the State to cross-examine a defense witness, William Christopher Giddens, regarding his jail service without laying a proper foundation for this impeachment evidence. The record reveals that after questioning the defense witness about having painted the victim's home in late August, appellant's counsel noted that the victim had testified that he (the victim) had not seen the witness after September until New Year's Day. Appellant's counsel then asked the witness whether he had "a particular reason to go somewhere" during that period, to which he replied negatively. On cross-examination, the assistant district attorney specifically referred to the question asked by appellant's attorney and then elicited information that during the period of time in issue, the defense witness had spent two months in the Fayette County Jail, six weeks in the Gwinnett County Jail, and one week in the Forest Park Jail.

"A review of the transcript reveals that defense counsel opened

the door to this line of questioning during his cross-examination of the witness. The prosec[u]tion merely followed up on the issues injected by [appellant]. Since defendant first opened the door to this line of questioning, he cannot now complain. [Cits.]" *Smith v. State*, 258 Ga. 181, 182 (1) (366 SE2d 763) (1988). Thus, the trial court did not err by overruling appellant's foundation objection and admitting this evidence.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1988.

*James W. Studdard*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.