## A97A1271. BENNETT v. THE STATE.
### (491 SE2d 481)

ANDREWS, Chief Judge.

Bernard Bennett appeals his conviction of selling marijuana, contending that the trial court's denial of his motion for new trial was error. That motion was premised on the court's allowing the State to play an audio tape of the transaction which had not been previously provided to defense counsel, allowing the State to ask if the undercover officer led Bennett "into a life of crime," and allowing into evidence through the informant of a statement by the undercover officer. We find no error and affirm.

1. Viewed with all inferences in favor of the jury's verdict, the evidence was that on December 27, 1994, an undercover drug buy was conducted by a multi-jurisdictional drug task force, including Investigator Bolton, working undercover, and informant Mountain, who accompanied Bolton to a known drug area. Based on information previously received, Chief Hiebert had advised Bolton that Bennett was a target of the operation. Bolton, accompanied by Mountain, drove to the targeted area and spotted Bennett seated in a red Geo Tracker. Bolton, who was wearing a recording device, approached the driver's side, but was directed by the driver to Bennett on the passenger's side. Bolton spoke to Bennett and then Bennett produced a clear plastic bag containing marijuana. Bolton paid Bennett $40.

Although Bennett admitted being in the Tracker, he denied selling marijuana, contending that he had gotten out of the car and gone into a nearby house before the deal. The issue of which version of these events to believe was for the jury, which resolved the credibility issues in favor of the State. OCGA § 24-9-80. This Court will not weigh the evidence or determine witness credibility, but only determines the sufficiency of the evidence. *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367) (1991). The evidence here was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bennett contends that the State's failure to "submit" the audio tape to him before trial was error. When the audio tape was produced at trial, Bennett relied upon a letter written by his counsel which he apparently contends was a demand under OCGA § 17-6-1 et seq.

We note first that Bennett's counsel did not dispute the State's position that the defense was aware of the tape before trial, which would make any alleged error harmless. *Lawson v. State*, 224 Ga.

App. 645, 648 (3) (c) (481 SE2d 856) (1997).

Additionally, as stated by the trial judge in ruling on this objection and affirmed by our review of the record, "there's nothing in the file that required them to provide that information to you. I am familiar that you wrote a letter, but there is no actual demand made." Bennett having failed to make the requisite demand under OCGA § 17-16-2 (a), there was no error in the State's not providing it to him before trial. *Hammitt v. State*, 225 Ga. App. 21 (482 SE2d 437) (1997) (physical precedent); see *Satterfield v. State*, 256 Ga. 593, 597 (5) (351 SE2d 625) (1987) and *Delay v. State*, 213 Ga. App. 199, 200 (2) (444 SE2d 140) (1994) (both dealing with the comparable demand provisions of now repealed OCGA § 17-7-210).

3. During the direct testimony of Mountain, Bennett objected to Mountain's repeating the instructions given to him by Chief Hiebert. No basis, however, was given for his objection and it is thereby waived. *Perry v. State*, 214 Ga. App. 444, 445 (1) (448 SE2d 74) (1994); see *Turner v. W. E. Pruett Co.*, 202 Ga. App. 287 (1) (414 SE2d 248) (1991).

4. Finally, Bennett complains of the State's asking Bolton, on redirect examination, if he had led Bennett "into a life of crime." Bennett contends that this improperly placed his character in evidence. This inquiry, however, was made in response to Bennett's cross-examination of Bolton, during which he attempted to show that Bennett had been entrapped by the officers.

We agree with the trial court that Bennett had opened the door to this line of questioning and cannot now complain. *Ryan v. State*, 188 Ga. App. 424 (373 SE2d 262) (1988); see *Hill v. State*, 223 Ga. App. 493, 494 (2) (478 SE2d 406) (1996).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 26, 1997.

*Watkins & Watkins, John D. Watkins*, for appellant.
*Richard A. Malone, District Attorney, Lance J. Hamilton, Assistant District Attorney*, for appellee.

