S97A1760. BODDIE v. THE STATE.
(494 SE2d 651)

HINES, Justice.

Robert Lee Boddie appeals his conviction for malice murder in connection with the fatal shooting of 17-year-old Marcus Anderson.[1] Boddie contends that the State was improperly allowed to place his character into evidence, to impeach or bolster the credibility of its own witnesses, and to offer expert ballistics evidence without establishing a chain of custody. For the reasons which follow, we affirm Boddie's murder conviction.

The evidence construed in favor of the verdict showed that about three weeks before the shooting Boddie had an argument with Marcus Anderson's cousin. Anderson arrived on the scene and interceded as Boddie was being asked to leave. Later that night, Boddie returned, and threatened Anderson, stating, "[I]t ain't over between me and you. You just better not let me catch you slipping."

On the night of the murder, Boddie and several friends went to a tavern to drink alcohol. As the friends were returning from the bar, they spied Anderson walking. Someone in the group said, "Let's get him." Boddie asked the driver for his gun. The driver placed a .25 caliber weapon in Boddie's hand, and Boddie and Reginald Owens

---

[1] The shooting occurred on March 21, 1996. On June 3, 1996, a Coweta County grand jury indicted Boddie, along with Reginald Leroy Owens, for malice murder and murder while in the commission of aggravated assault. Owens pled guilty to concealing the death of another. Boddie was tried by a jury on September 16-19, 1996, and found guilty of malice murder. He was sentenced to life imprisonment on September 19, 1996. Boddie filed a notice of appeal on October 17, 1996, and the appeal was docketed in the Court of Appeals. The case was transferred on July 18, 1997, and docketed in this Court on July 21, 1997. The appeal was submitted for decision without oral argument on September 15, 1997.

exited the vehicle. When the pair met Anderson on a path near the railroad tracks, Boddie immediately started shooting at Anderson. Anderson was struck in the abdomen and fell to the ground. Boddie then walked up behind Anderson and fired three shots into the back of his head.

1. The evidence at trial was sufficient to enable a rational trier of fact to find Boddie guilty beyond a reasonable doubt of the malice murder of Marcus Anderson. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Boddie unsuccessfully sought to exclude evidence of the altercation involving Anderson and his cousin. During the State's direct examination of Anderson's cousin, the cousin was asked about the substance of the argument, and she responded "And so he [Boddie] had beat up this man named Bartow Perry." Boddie objected and moved for a mistrial on the ground, inter alia, that the statement impermissibly placed his character in evidence. The trial court denied a mistrial but instructed the witness to refrain from further testimony about any fight between Boddie and Bartow Perry.

Boddie contends that it was error to allow the evidence because it placed his character in issue. However, the State was entitled to present evidence regarding the altercation to establish that there was a motive for Boddie's murdering Anderson. This was so even if the testimony incidentally put Boddie's character in issue. *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990); *Richie v. State*, 258 Ga. 361 (3) (369 SE2d 740) (1988). Boddie himself explored the altercation in his cross-examination of Anderson's cousin, and the trial court did not abuse its discretion in denying a mistrial based on the witness's fleeting reference to the genesis of the argument with Boddie. *White v. State*, 268 Ga 28, 32 (4) (486 SE2d 338) (1997).

3. Boddie contends that the court erred by allowing the State's chief investigating officer to give his opinion as to the consistency of four witnesses' testimony with their out-of-court statements, thereby commenting on witness credibility and bolstering or impeaching the witnesses' trial testimony. But the contention is unavailing. The investigator did not testify about the truthfulness of the witnesses so as to bolster or impeach their testimony at trial. The veracity of the witnesses' in-court testimony was placed in issue. Thus, it was not error to allow the State to show that three of the witnesses in question had made prior consistent statements to the investigator. See *Hayes v. State,* 268 Ga. 809 (493 SE2d 169) (1997) and *Edwards v. State*, 255 Ga. 149, 151 (2) (335 SE2d 869) (1985) citing *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985); see also *Satterwhite v. State,* 212 Ga. App. 543, 544 (2) (442 SE2d 5) (1994). As to the fourth witness, the investigator's testimony about his inconsistent statements was admissible as substantive evidence under *Gibbons v.*

*State*, 248 Ga. 858 (286 SE2d 717) (1982). *Hayes v. State*, supra.

4. The trial court did not err in allowing the State's firearms expert to testify about the four .25 caliber metal-jacketed bullets and one .38 special cartridge turned over to him by the medical examiner as evidence in the case. The State established with reasonable certainty that the ammunition was that recovered from the victim's body or his clothing. *Stephens v. State*, 259 Ga. 820 (3) (388 SE2d 519) (1990). See also *Marshall v. State*, 266 Ga. 304, 306 (7) (466 SE2d 567) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

*Fanning & Hudson, Steven E. Fanning,* for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.