## A98A2204. MILLER v. THE STATE.
### (510 SE2d 560)

Judge Harold R. Banke.

Richard Anthony Miller, Sr. was convicted of theft by taking and forgery. Miller contends that his convictions must be reversed because the trial court erred by compelling him to make a choice between his speedy trial demand and his election to engage in reciprocal discovery.

Miller, along with two co-defendants, was the subject of a multi-count indictment returned during the August 1997 term. On September 11, Miller filed a motion electing reciprocal discovery but left the indictment number blank.[1] At some point, the clerk's office apparently entered an incorrect indictment number in the blank space. During the October term, a re-indictment split the original case, CR97-816, into two separate cases, CR97-1244 and CR97-1248. Thereafter, Miller filed a motion on November 6, stating that "[a]ll motions filed previously in reference to this defendant should be applied to this current indictment."

During a pretrial hearing, Miller contended that the State had failed to comply with his demand for reciprocal discovery. But the prosecutor countered that Miller had neither provided written notice

---

[5] The latter instruction related to a statement Cloud gave police denying having sexual relations with the victim.

[1] Miller failed to provide record cites to any motion purportedly filed on his behalf. See Court of Appeals Rule 27 (c) (3) (i).

to the State nor filed a motion electing reciprocal discovery in CR97-1248, the case about to be tried. After reviewing the evidence, the court initially determined that Miller had not filed an election under OCGA § 17-16-2 because the request was made only under CR97-1244, a different case against Miller and his wife involving multiple forgery counts and other criminal charges arising after the initial indictment. Then, after learning that CR97-1248, the counts for forgery and theft by taking, had appeared in the original indictment, the court found otherwise.

When offered a continuance, Miller rejected it, emphasizing that he desired a speedy trial rather than a delay. Miller's counsel admitted in open court to having already reviewed the State's file in its entirety. When the trial court specifically inquired whether what counsel had been shown by the State complied with the reciprocal discovery provisions, counsel stated that it did. After the court noted, "that solves the problem," Miller posed no objection and elected to proceed to trial.

The State's case was not complex and the evidence showed that during a visit as a client to a certain law firm, Miller pilfered a NationsBank check in the amount of $838.45 which had been left unattended on a secretary's desk. Miller then persuaded an intellectually impaired person to present the check at a nearby check cashing business. The State's case encompassed only six witnesses, the two attorneys who comprised the law firm, the firm's two clerical employees, an employee from the check cashing business, and the investigating officer. *Held*:

Miller contends that his convictions must be reversed because the trial court abused its discretion by forcing him to choose between his speedy trial demand and his election to engage in reciprocal discovery. We disagree. OCGA § 17-16-2 (a) requires that "the defendant provid[e] written notice to the prosecuting attorney that such defendant elects to have this article apply to the defendant's case." Absent such notice, the provisions of OCGA § 17-16-4 (a) do not apply. *Wright v. State*, 226 Ga. App. 848, 850 (4) (487 SE2d 405) (1997).

Even assuming for the sake of argument only that Miller's failure to specify the indictment number on his motion satisfied the notice provisions of OCGA § 17-16-2 (a) and that Miller preserved the issue for appeal, Miller's inability to show harm from the State's purported failure to provide unspecified discovery material to him precludes reversal. *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996). Miller made no showing that the State improperly withheld evidence from him or acted in bad faith so as to trigger the imposition of any of the sanctions authorized by OCGA § 17-16-6. *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997). Thus, even assuming without deciding that the trial court erred, Miller failed to

sustain his appellate burden of establishing how he was harmed by the trial court's ruling. *Herndon v. State*, 229 Ga. App. 457-458 (3) (494 SE2d 262) (1997). Absent harm, reversal is not warranted, especially in light of the overwhelming evidence of Miller's guilt. Id. at 458. *Bennett v. State*, 228 Ga. App. 254, 255 (2) (491 SE2d 481) (1997).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 10, 1998.

*Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.