## A99A1275. DAVIS v. THE STATE.
### (522 SE2d 729)

RUFFIN, Judge.

A Gwinnett County jury convicted Chauncy Davis of burglary, and the trial court sentenced him to 20 years. On appeal, Davis contends the trial court erred in failing to grant his motion for mistrial. Davis also contends that the State failed to provide discovery. Davis' contentions lack merit, and we affirm.

The victims, Christopher Farr, Christopher Conner and Michael Dawson, shared an apartment. On July 14, 1996, the three roommates returned from an evening out and discovered that their apartment had been broken into. Farr called the police. While the three victims were looking through the apartment to ensure that the culprits had left, they heard someone attempting to open the door. Dawson and Conner ran out of the apartment and saw several men running down the stairs, but lost sight of them. As they reached the bottom of the stairs, however, they saw a van going back and forth in front of the apartment with its hazard lights flashing.

Dawson called the police from a pay phone outside. The police arrived within minutes, and Conner and Dawson directed them to the van. The police stopped the van and arrested the four occupants, James Cooley, Richard Cooley, Wilbert Kennedy and Bobby Harkins.

At trial, James Cooley and Kennedy testified that they had driven to Gwinnett County with William Cooley, Richard Cooley, Harkins and Chauncy Davis to burglarize the apartment. James Cooley testified that Davis said he had been to the apartment before, and that Davis claimed that they would find drugs and money there. When they reached the apartment, Davis entered the apartment through a window and opened the front door to let William Cooley inside. Davis left the apartment carrying a green duffel bag that held two camcorders and a strongbox. The culprits drove away, but returned to the apartment a short time later because Davis said they might have overlooked some drugs in the apartment. According to James Cooley, when Davis and William Cooley tried to enter the apartment a second time, they were discovered by the occupants.

1. In his first enumeration of error, Davis contends the trial court erred in refusing to grant a mistrial after the State introduced evidence of his character. At trial, Farr testified that two weeks before the burglary, Davis had been to his apartment and had asked to buy some marijuana. Davis asserts that this testimony was irrele-

vant and served to impugn his character. We disagree.

"Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue." (Punctuation omitted.) *Parrish v. State*, 237 Ga. App. 274 (514 SE2d 458) (1999). Here, James Cooley testified that Davis chose to burglarize the apartment to obtain drugs. Thus, evidence that Davis had been to Farr's apartment and believed Farr had access to drugs was relevant to Davis' motive. As our Supreme Court recently noted,

> [a]lthough motive is not an essential element in proving the crime[ ] charged, the State is entitled to present evidence to establish that there was a motive, and evidence that [the defendant requested] drugs is relevant to prove that he had a motive for committing the crime[ ] and is not rendered inadmissible by the fact that it incidentally puts his character in issue.

*Brady v. State*, 270 Ga. 574, 578-579 (5) (a) (513 SE2d 199) (1999). Accordingly, the trial court did not abuse its discretion in denying Davis' motion for mistrial. See *Boddie v. State*, 269 Ga. 5, 6 (2) (494 SE2d 651) (1998).

2. Davis maintains that the State failed to comply with his discovery request. But Davis does not specify what discovery the State failed to supply. According to the State, it *did* provide discovery to Davis after he was initially indicted.[1] Davis apparently was reindicted on the same charges, however, and the State did not resubmit discovery. Davis argues that by failing either to resupply the same information or to file a "motion to transfer the discovery" following Davis' reindictment, the State should have been sanctioned for violating the rules of discovery. Davis' argument lacks merit.

"The provisions of the Discovery Act were designed to facilitate disclosure of evidence in order to ensure 'fairness' in criminal adversarial proceedings." *Todd v. State*, 230 Ga. App. 849, 853 (3) (a) (498 SE2d 142) (1998). Here, the State *did* disclose the requisite evidence. We do not believe that the State was required to submit the same evidence a second time following Davis' reindictment on the same charges.

Moreover, we note that the only sanction requested by Davis was the exclusion of the evidence. "The sanction of evidence exclusion is severe and can be imposed only where there has been a timely showing of prejudice to the defense and bad faith by the State." (Punctua-

---

[1] Although there was one photograph that the State failed to provide to Davis, the trial court excluded this photograph. Hence, there was no harm to Davis.

tion omitted.) *Bohannon v. State*, 230 Ga. App. 829, 835 (2) (498 SE2d 316) (1998); OCGA § 17-16-6. Davis does not contend that he was prejudiced by the State's failure to resubmit discovery, nor does he assert that the State acted in bad faith. Indeed, he points to no evidence that should have been excluded. Accordingly, he presents no basis for reversal. See *Miller v. State*, 235 Ga. App. 724, 725-726 (510 SE2d 560) (1998) (absent a showing of harm, reversal is not required).

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 24, 1999 —
RECONSIDERATION DENIED OCTOBER 7, 1999 — 

*Herbert Shafer*, for appellant.

*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney*, for appellee.