PER CURIAM:
**230 In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an **231 Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to the imposition of a definite suspension of nine months to three years or disbarment. Respondent requests that his sanction be made retroactive to June 24, 2016, the date of his interim suspension. ODC does not oppose this request. We accept the Agreement and suspend Respondent from the practice of law in this state for three years, retroactive to June 24, 2016. The facts, as set forth in the Agreement, are as follows.
Facts
Matter A
Husband A and Wife A (together, Clients A) retained Respondent in October 2015 for representation in a matter with the Department of Social Services. Clients A paid a retainer of $5,000. At that time, Respondent's office was located in space he rented from a law firm (Landlord Firm), whose address he shared.
On February 5, 2016, after attempting to contact Respondent by email and telephone without success, Clients A asked a paralegal at the Landlord Firm if she knew how to locate Respondent because Respondent was no longer renting space from the Landlord Firm. The paralegal provided a cell phone number and an email address for Respondent. On February 14, 2016, Husband A emailed Respondent that he and Wife A were filing a motion for substitution of counsel, requesting a statement of their account with Respondent and a check for the balance of their retainer. Respondent did not provide an accounting and did not return the unused portion of Clients A's retainer. Respondent did not contact Clients A. Clients A filed a complaint with ODC on March 24, 2016. Respondent admits he failed to adequately communicate with Clients A when he moved his law practice.
ODC sent a Notice of Investigation (NOI) to Respondent dated March 29, 2016. During this time, Respondent's primary mailing address in the Attorney Information System (AIS) was 3660 West Montague Avenue in North Charleston (Primary **232 Mailing Address). Respondent's Primary Mailing Address in AIS has been 3660 West Montague Avenue in North Charleston during all times relevant to the disciplinary matters discussed in this opinion. Respondent's alternate mailing address in AIS has been 1474 Hamlin Park Circle in Mount Pleasant at all times relevant to these disciplinary matters, which is designated in AIS as the address of Respondent's residence (Residential Address).
When no response to the NOI was received by ODC and the NOI was not returned by the United States Postal Service, ODC sent a reminder letter dated April 21, 2016, to Respondent. This reminder letter was sent by certified mail to both Respondent's Primary Mailing Address and Residential Address. Respondent signed the certified mail receipt for the letter sent to his Residential Address.
On May 2, 2016, Respondent faxed a letter to ODC dated April 29, 2016 (Faxed Letter), indicating he had not received the NOI until he received the reminder letter dated April 21, 2016. He also stated he was prepared to respond to the complaints and that he intended to cooperate with ODC. Respondent believed he had changed his address on AIS, *2 but "apparently, [the change] did not go through." He told ODC in the Faxed Letter that his Residential Address was the address where he could be reached. The Faxed Letter included a telephone number and an email address.
On May 4, 2016, ODC sent copies of four pending NOIs and their respective complaints to which Respondent had not replied, including the complaint filed by Clients A. On May 27, 2016, Respondent responded to two of the NOIs and complaints, including the NOI and complaint associated with Matter A.
Regarding Matter A, Respondent stated Husband A had been accused of physically abusing his children during visitation periods. He stated he represented Husband A in the DSS matter, while two other attorneys represented Husband A in the custody action. According to Respondent, he filed an answer and counterclaim in family court, appeared at two family court hearings, and participated in a lengthy telephone conference call with the judge to secure Husband A's visitation rights over the holidays. He stated he spent over 25 hours on **233 the case and the fee deficit was over $2,500. Respondent stated his attorney-client relationship with Clients A began to deteriorate after the hearing, and he subsequently signed a substitution of counsel. Respondent admits he failed to adequately communicate with Clients A when he moved his law practice.
On June 1, 2016, ODC served Respondent with a Notice to Appear pursuant to Rule 19, RLDE (NTA), to answer questions under oath regarding Matter A and four other pending disciplinary matters. ODC also issued a subpoena for documents in the five matters. Respondent failed to appear as instructed and failed to respond to the subpoena. ODC left Respondent a voicemail message on June 22, 2016, and also sent email messages to Respondent at both email addresses listed in AIS. Respondent admits he did not respond to any of ODC's attempts to reach him.
On May 9, 2016, Clients A filed an Application for Resolution of Disputed Fee with the Resolution of Fee Disputes Board, alleging they paid $5,000 to Respondent and he did very little work. They also complained Respondent never provided them with the accounting they requested. By letter dated September 20, 2016, the Resolution of Fee Disputes Board found Clients A were entitled to a refund of $4,400. Respondent admits he has not paid the refund.
Matter B
Respondent represented Client B in his divorce case. The final hearing was held on January 20, 2016. After the hearing, Client B, who was anxiously awaiting the final order, attempted to contact Respondent several times through telephone calls and emails, with no success. Client B contacted Landlord Firm, and Landlord Firm told Client B that Respondent was no longer at that address and it did not have a current address for him. Client B contacted the Berkeley County Family Court several times and ultimately learned Respondent had not submitted a final order.
Client B filed a complaint with ODC on March 3, 2016. As of February 26, 2016, he had paid $5,450 to Respondent for representation. He included a copy of a billing statement from Respondent indicating Client B was due a refund of $1,400.
**234 Client B never received his refund. He also complained Respondent failed to communicate with him.
ODC sent a NOI on March 4, 2016, to Respondent's Primary Mailing Address. When Respondent did not reply and the notice was not returned by the Post Office, ODC sent a reminder letter dated March 31, 2016, to Respondent via certified mail at his Primary Mailing Address. The reminder letter was returned to ODC on May 20, 2016, with a notice that there was no mail receptacle for Respondent at that address.
As part of the Faxed Letter sent by Respondent to ODC on May 2, 2016, Respondent stated he intended to cooperate with ODC regarding Matter B. On May 4, 2016, ODC sent to Respondent copies of four NOIs and their respective complaints, which Respondent had failed to answer. One of these unanswered NOIs and complaints was Client B's complaint.
On May 25, 2016, ODC prepared a subpoena and an NTA regarding five pending disciplinary *3 matters. These documents were personally served on Respondent by an agent of the South Carolina Law Enforcement Division (SLED) on June 1, 2016, at his Residential Address. The subpoena required Respondent to produce his file for Matter B. After Respondent failed to appear for the interview and failed to respond to the subpoena, ODC left a voicemail message for Respondent on June 22, 2016. ODC also emailed Respondent at both email addresses listed in AIS. Respondent did not respond to any of these attempts to reach him. Respondent admits he failed to respond and failed to cooperate with ODC's investigation. Respondent admits he failed to adequately communicate with Client B upon his departure from his former address and failed to provide Client B with a copy of the final order of divorce. He also admits he failed to provide Client B with a statement of his account and any refund due.
Matter C
Client C retained Respondent in November 2014 to represent him in an action for divorce. Client C paid $1,500 to Respondent. Client C never heard from Respondent again even though he called Respondent three times a week and left voicemail messages for him. Respondent did not file any **235 motions or perform any of the actions he agreed to perform at his initial meeting with Client C.
Client C filed a complaint with ODC on March 15, 2016. ODC sent an NOI along with the complaint to Respondent on March 16, 2016, at his Primary Mailing Address. When ODC did not receive a response and the NOI and complaint were not returned to ODC, ODC sent a reminder letter to Respondent at his Primary Mailing Address on April 12, 2016. The reminder letter was returned to ODC as undeliverable.
Respondent sent the Faxed Letter expressing his intention to cooperate with ODC on all pending matters, including Matter C. As in the two previous matters, ODC sent copies of four NOIs and their respective complaints, including Client C's complaint, to Respondent. On May 25, 2016, ODC prepared a subpoena and an NTA referencing five pending disciplinary matters. These documents were personally served on Respondent by an agent from SLED on June 1, 2016, at his Residential Address. The subpoena required Respondent to produce his client file for Matter C.
Respondent failed to appear for the interview and failed to respond to the subpoena. ODC left a voicemail message for Respondent on June 22, 2016. ODC also emailed Respondent at both email addresses in AIS for Respondent. Respondent did not respond to any of these attempts to reach him.
Respondent admits he never responded to Client C's complaint and never cooperated with ODC. He also admits he did not keep records of Client C's retainer funds and did not refund Client C's unused retainer.
Matter D
Client D retained Respondent to represent him in a divorce action. The final order and decree of divorce was filed in Charleston County on July 28, 2015. Respondent filed a rule to show cause on behalf of Client D based on her ex-husband's failure to comply with the terms of the divorce decree. A hearing was scheduled for January 5, 2016. Respondent asked that the hearing be continued, and his request was granted on December 11, 2015.
Client D filed a complaint with ODC on March 18, 2016, stating that after Respondent filed the rule to show cause, he **236 disappeared without leaving a forwarding address and without returning her telephone calls and emails.
ODC sent an NOI to Respondent dated March 21, 2016, at his Primary Mailing Address. When ODC did not receive a response and the NOI was not returned, ODC sent a reminder letter to Respondent dated April 12, 2016. The reminder letter was returned as undeliverable. On May 2, Respondent sent the Faxed Letter, indicating his intention to cooperate with ODC in this matter and the other pending matters. On May 4, 2016, ODC sent to Respondent copies of four NOIs and their respective complaints to which Respondent had not responded, including Client D's complaint. On May 25, 2016, ODC prepared a subpoena and an NTA referencing five disciplinary matters to Respondent. These documents were personally served on Respondent by an agent of SLED on June 1, 2016, at his *4 Residential Address. The subpoena required Respondent to produce his client file for Matter D.
Respondent did not appear for his interview or respond to ODC's subpoena. ODC left a voicemail message for Respondent on June 22, 2016, and emailed Respondent at both email addresses listed in AIS. Respondent did not respond to any of these attempts to reach him.
Matter E
Lawyer represented Client E in an action for custody and visitation. Client E filed a complaint with ODC on March 30, 2016, after Respondent left his office at the Landlord Firm and Client E could no longer contact him. Respondent was not responding to her telephone calls and emails. Respondent admits he failed to adequately communicate with Client E after he left his rented office in the Landlord Firm.
ODC sent an NOI and a copy of the complaint to Respondent on March 31, 2016, to his Primary Mailing Address. When no response was received and the NOI was not returned, ODC sent a reminder letter dated April 21, 2016, by certified mail to Respondent at both his Primary Mailing Address and Residential Address. Respondent accepted the certified mail sent to his Residential Address. Respondent sent the Faxed Letter to ODC, indicating he had not received notice of Client E's complaint prior to the reminder letter. He **237 also stated his intention to cooperate with ODC regarding Client E's complaint.
On May 4, 2016, ODC sent copies of four NOIs and their respective complaints to which Respondent had not responded. On May 27, 2016, Respondent provided a response to the NOI in two of the four pending matters, one of which was Matter E. Respondent stated he represented Client E in a domestic matter. He explained Client E had limited funds, so he agreed to accept a $500 deposit on a $5,000 flat fee, with Client E to make monthly payments thereafter. Respondent stated Client E only made one more payment of $300. In December 2016, he prepared and filed an Answer and Counterclaim, prepared and served discovery responses, and prepared and served discovery requests on opposing counsel, accruing 12.5 hours of attorney time and 6.5 hours of paralegal time. In the same month, Lawyer also negotiated and executed a consent order regarding visitation. Respondent was negotiating with opposing counsel over the custody of Client E's dog when Client E fired him. Substitute counsel did not get Client E's file for three months as Respondent would not respond to substitute counsel's attempts to communicate with him.
On May 25, 2016, ODC prepared a subpoena and NTA relating to five pending disciplinary matters, one of which was Matter E. These documents were personally served on Respondent by an agent of SLED on June 1, 2016, at his Residential Address. The subpoena required Respondent to produce his file for Matter E.
After Respondent did not appear for his interview and did not respond to the subpoena, ODC left a voicemail message for Respondent on June 22, 2016. ODC also emailed Respondent at both email addresses in AIS. Respondent did not respond to any of these attempts to contact him.
Matter F
On December 30, 2015, a court reporting service sent Respondent an invoice for $333.49 for reporting time and transcription service. Respondent did not pay the invoice. Over the next year, the court reporting service tried to contact Respondent several times regarding the unpaid invoice, but Respondent never responded.
**238 In a communication to this Court dated September 15, 2016, Respondent indicated his new address was 118 Black Forest Drive in Summerville. On October 2, 2016, ODC received a complaint from the court reporting service. ODC sent an NOI to the address in Summerville. The NOI was returned to ODC with notice from the Postal Service that the address was insufficient. ODC sent a reminder letter to Respondent dated November 15, 2016. This reminder letter was sent by certified mail to the address in Summerville and to Respondent's Residential Address. Both of these letters were returned to ODC. ODC learned through the Department of Motor Vehicles that Respondent's new *5 address is 692 Peninsula Drive in Prosperity. On March 6, 2017, ODC sent a letter to Respondent at this address, except ODC mistakenly put Newberry as the city instead of Prosperity. Despite the error, the letter was not returned to ODC. Additionally, on April 20, 2017, ODC emailed Respondent and attached four NOIs and their related complaints, requesting responses. Respondent has not responded.
Law
Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (a lawyer shall keep a client reasonably informed); Rule 1.15 (upon receiving funds from a client and upon request by the client, a lawyer shall promptly render a full accounting regarding the funds); Rule 1.16(d) (upon termination of representation, a lawyer shall surrender papers and property to which the client is entitled and shall refund any advance payment of fee that has not been earned); Rule 4.4 (in representing a client, a lawyer shall not use means that have no substantial purpose other than to burden a third person); and Rule 8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority in connection with a disciplinary matter).
Respondent agrees his conduct constitutes grounds for discipline pursuant to the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it is a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it is a ground for discipline for a lawyer to willfully fail to appear as directed, **239 willfully fail to comply with a subpoena, or knowingly fail to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice, bring the legal profession into disrepute, demonstrate an unfitness to practice law); Rule 7(a)(10) (it is a ground for discipline to willfully fail to comply with a final decision of the Resolution of Fee Dispute Board).
Conclusion
We accept the Agreement and suspend Respondent from the practice of law in this state for three (3) years, retroactive to June 24, 2016. Within thirty (30) days of the date of this opinion, Respondent shall pay the following:
a. the costs incurred in the investigation and prosecution of these matters by ODC and the Commission on Lawyer Conduct;
b. $4,400 to Clients A;
c. $1,400 to Client B;
d. $1,500 to Client C; and
e. $333.49 to the Court Reporting Service.
Finally, Respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School prior to reinstatement.
Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.
DEFINITE SUSPENSION.
BEATTY, C.J., KITTREDGE, FEW and JAMES, JJ., concur. HEARN, J., dissenting in a separate opinion.
JUSTICE HEARN :
I respectfully dissent as to the length of the sanction and instead would impose a nine-month suspension, retroactive to June 24, 2016.