307 Ga. 850
FINAL COPY

S19A1145. THE STATE v. BRYANT.

PETERSON, Justice.

In this murder case, the State has brought an interlocutory appeal of the trial court's order excluding certain evidence on the basis that the evidence was not produced until just over a month before trial, or had not been produced at all, in violation of the trial court's pre-trial scheduling order. The trial court's order can stand only if it properly found that the State acted with bad faith and that the defendant was prejudiced as a result. But the trial court's order is ambiguous both as to whether the court actually found bad faith on the part of the State at all and as to the basis for the trial court's finding of prejudice to the defendant. Accordingly, we vacate the trial court's ruling and remand for the trial court to clarify its ruling on the defendant's motion to exclude the evidence.

On May 16, 2018, a Chatham County grand jury indicted Archie Marion Bryant and Jose Carlos Carrillo in connection with

the 2017 shooting death of Shawn Rhinehart.[1] The indictment charged Bryant with malice murder, two counts of felony murder, two counts of aggravated assault, and possession of a firearm by a convicted felon. Bryant elected to proceed under reciprocal discovery. A pre-trial scheduling order provided that the State must "serve" all discovery materials on defense counsel "no later than twenty (20) days after the Status Conference or after the Pretrial Conference if there is no Status Conference, unless counsel enter into a written consent agreement, filed of record, to deviate from this schedule," and that all supplemental discovery must be produced "at least ten days prior to the Trial Docket Call." The State concedes that a "status hearing" was held at least as early as August 6, 2018. Trial was set for April 1, 2019.

The State produced some discovery, but on July 18, 2018, Bryant's counsel contacted the assistant district attorney assigned to the case with a list of items that he believed were missing. At a

---

[1] Bryant filed a motion to sever his trial from that of Carrillo, but the record before this Court does not reflect a ruling on that motion.

2

motion hearing held on September 4, 2018, Bryant's counsel indicated he was still missing discovery, explaining that he was unable to proceed with some of his motions due to the missing materials. The State claimed Carrillo's counsel had "a lot of that stuff," but assured the trial court that the missing discovery would be provided to Bryant's counsel that week. Supplemental discovery was filed by the State on September 6, 2018. Bryant claimed that certain discovery still was missing, however.

A new assistant district attorney took over the case in the fall of 2018. After taking over the case, she informed Bryant's counsel that she was not clear what discovery was missing and invited him to come to the District Attorney's office pursuant to the office's open-file policy. Eventually, the ADA told the court, she decided "just to copy everything I had." As a result, on February 21, 2019, the State produced discovery materials consisting of police reports and nine discs containing various evidence. On February 25, 2019, based on the State's failure to comply with the scheduling order, Bryant moved to exclude all evidence produced for the first time on

3

February 21.[2] The motion also sought the exclusion of certain evidence, to the extent that it existed, on the basis that the State still had not produced it.[3] The trial court granted the motion to exclude the evidence under OCGA § 17-16-6. The State filed a notice of appeal pursuant to OCGA § 5-7-1 (a) (5).

The State argues that the trial court erred in excluding the State's evidence, and that the trial court's ruling must be reversed, or, alternatively, the case must be remanded for further proceedings. We conclude that the trial court's ruling is ambiguous as to whether it made a finding of bad faith, as well as the basis for its finding of prejudice, and so we vacate the order and remand the case for the trial court to consider the motion further.

---

[2] Bryant's counsel represented to the trial court that the production included recordings of various witness interviews, an interview of Bryant, 911 calls, crime scene photographs, a "cell phone dump" of information extracted from the cell phone of Carrillo's sister, and video from two particular locations.

[3] Bryant's motion in particular sought exclusion of any information extracted from his cell phone, any body camera videos, autopsy x-rays or photographs, or photographs of his vehicle, to the extent any of those materials existed. He also sought exclusion of a video of a reenactment involving his vehicle apparently performed by police, claiming that although he received a copy of the video, a search warrant obtained for purposes of using the vehicle for the reenactment was never provided to him in discovery.

1. OCGA § 17-16-6 provides for exclusion of evidence as a sanction for the State's failure to comply with its discovery obligations in a criminal case:

> If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances[.]

The same provision also contains nearly identical language providing for exclusion of evidence as a sanction for a criminal defendant's failure to comply with his discovery obligations. See OCGA § 17-16-6. Exclusion of evidence pursuant to OCGA § 17-16-6 is "a particularly harsh sanction" that should be imposed only where there is a showing of bad faith by the party that has failed to comply with its discovery obligation and prejudice to the other party. *Chance v. State*, 291 Ga. 241, 245 (5) (728 SE2d 635) (2012) (citation and punctuation omitted).

We review a trial court's order excluding evidence under OCGA

§ 17-16-6 for an abuse of discretion. See *Chance*, 291 Ga. at 245 (5). We review for clear error the trial court's factual findings under the statute as to bad faith and prejudice. See *Moceri v. State*, 338 Ga. App. 329, 339-340 (2) (788 SE2d 899) (2016); cf. *Kennebrew v. State*, 304 Ga. 406, 409 (819 SE2d 37) (2018) (trial court's factual findings in ruling on a motion to suppress are reviewed for clear error).

The State argues that the trial court erred in finding prejudice to Bryant. In determining whether a party has been prejudiced such that exclusion of evidence under OCGA § 17-16-6 is authorized, the trial court is to consider the extent to which the failure to comply with the discovery process itself inflicts harm on the other party — which may include, but, unlike other types of prejudice analysis, is not limited to, the nature of the evidence itself and the role that the evidence would play at trial. See *Malaguti v. State*, 273 Ga. 398, 402 (2) n.9 (543 SE2d 1) (2001) ("The finding of prejudice that is required by [OCGA] § 17-16-6 . . . must arise from the failure to comply with the discovery statute."). Given ambiguities in the trial court's order, we cannot perform the appropriate review of the trial court's finding

6

of prejudice.

The trial court found that Bryant was prejudiced by the "sheer volume" of materials "disclosed just prior to trial." But, although Bryant's counsel made representations to the trial court as to the nature of those materials, the materials themselves do not appear in the appellate record. Moreover, the trial court found that some of the materials provided on February 21 "duplicated . . . materials already provided" — without clearly identifying the nature of those duplicates or to what extent they contributed to the "volume" of the February 21 production, or making any suggestion that the initial production of these materials also was "just prior to trial." To complicate matters further, the trial court found that "some of the requested material still has not been provided to date" — while merely referencing Bryant's motion for the particulars, and without addressing the prosecutor's representation that she had given Bryant's counsel "everything [she] had," or articulating what role, if any, the failure to produce those materials had in the trial court's finding of prejudice. Clearer findings on these points are

7

particularly important because evaluation of the question of whether a party has been prejudiced by a production of discovery materials — or a failure to produce materials — a little more than a month before trial necessarily depends on the nature and volume of the materials at issue. Thus, although we cannot say at this juncture that the trial court clearly erred in finding prejudice to Bryant, we are unable to evaluate properly whether that finding was supported by the record.

2. Additionally, the State argues that the trial court erred in finding bad faith on its part. Again, we cannot perform the appropriate review of the trial court's order on this record, because we cannot discern from the trial court's contradictory order what the court actually found regarding bad faith.

Inherent in the concept of bad faith is something more than negligence. See *Fincher v. State*, 276 Ga. 480, 483 (5) (578 SE2d 102) (2003) ("At most, the record shows negligence in record keeping to be the cause of the [State's] failure to preserve the evidence. That being so, the trial court did not err in ruling that bad faith had not

8

been shown."); see also *Anthem Cos., Inc. v. Wills*, 305 Ga. 313, 316 (2) (823 SE2d 781) (2019) (contrasting bad faith generally required for most severe sanctions for spoliation with mere negligence that normally should result in lesser sanctions, if any at all); *Greenway v. Hamilton*, 280 Ga. 652, 655 (3) (631 SE2d 689) (2006) (noting in attorney fee context that "[b]ad faith is not simply bad judgment or negligence, but . . . (a) breach of known duty through some motive of interest or ill will" (citation and punctuation omitted)). Therefore, something more than negligence is required for exclusion of evidence under OCGA § 17-16-6. See *Rosas v. State*, 276 Ga. App. 513, 518-519 (2) (624 SE2d 142) (2005) (trial court did not err in refusing to exclude crime lab report, where State furnished a copy of report to appellant's co-defendant but mistakenly failed to furnish copy to appellant, as this did not constitute evidence of bad faith); *Williams v. State*, 256 Ga. App. 249, 250-251 (1) (568 SE2d 132) (2002) (finding error in trial court's exclusion of evidence where trial court made no finding of bad faith and made clear that it was excluding expert's report based solely on defendant's failure to timely provide

it to the State, and the evidence showed that defendant timely provided expert's name and address to the State, indicating defense was not "attempting to hide the information from the State").

Here, the trial court said that it found "the result of bad faith exercised in failing to provide discovery." On the other hand, the trial court also stated in a footnote that it did "not find any ill-will nor deliberate action perpetrated by any particular state representative or the State per se, but persistent failure to comply with an ordered process without justifiable explanation." These two findings appear contradictory; the latter statement appears to reflect a finding of mere negligence on the part of the State. If the "persistent failure to comply with an ordered process without justifiable explanation" is deliberate, that failure to comply may constitute bad faith. But if the failure to comply is due merely to a lack of organization and proper communication, such as that resulting from staff turnover, that failure in some circumstances may amount to mere negligence. And, as explained above, mere negligence does not constitute the bad faith required to impose a

10

sanction of exclusion.

In short, the trial court should clarify its factual findings on both prejudice to Bryant and bad faith (or lack thereof) on the part of the State before we review its order of exclusion. We remand for the trial court to clarify its findings.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED FEBRUARY 10, 2020.
Murder. Chatham Superior Court. Before Judge Morse.
*Meg E. Heap, District Attorney, Abigail B. Long, Assistant*

*District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*James S. Byrne*, for appellee.