**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 10, 2024**

# In the Court of Appeals of Georgia

A24A0801. STATE v. MARTIN.

LAND, Judge.

After the State failed to meet a discovery deadline provided in the trial court's scheduling order, the trial court granted Carl Martin's motion to exclude all discovery not provided by that deadline. The State appeals, arguing that the trial court abused its discretion in excluding the State's evidence because the failure to meet a court-imposed deadline does not by itself establish bad faith and because Martin failed to show that he was prejudiced by the missed deadline. We reverse.

We review a trial court's order excluding evidence under OCGA § 17-16-6 for an abuse of discretion, and we review a trial court's factual findings for clear error. *State v. Bryant*, 307 Ga. 850, 853 (1) (838 SE2d 855) (2020).

So viewed, the record shows that on September 26, 2022, Martin was indicted for one count each of burglary in the first degree, theft by taking, and criminal trespass. On February 22, 2023, the trial court entered a case-specific scheduling order, which stated in relevant part that "[a]ll discovery is due by March 8, 2023" and that any notices of discovery violations or motions to exclude discovery were due by March 22, 2023. The State failed to provide discovery by the court-imposed deadline, and on March 21, 2023, Martin filed a motion to exclude any discovery not provided prior to the March 8, 2023 discovery deadline. Martin's motion did not make any allegations of bad faith or prejudice, stating only that he had not received any discovery at the time of the motion. On May 4, almost two months after the court-imposed discovery deadline, the State filed a certificate stating that it had served certain discovery upon Martin and stating that "[a]ny and all physical evidence associated with this case is available for examination and copying upon making proper arrangements with the evidence custodian."

The trial court held a hearing on Martin's motion to exclude on October 18, 2023. At the time of the hearing, no trial date had been set. During the hearing, the State provided no explanation for the delay in providing discovery but did note that

some discovery was provided on May 4, 2023. On November 9, 2023, the trial court issued a written order granting Martin's motion to exclude evidence under OCGA § 17-16-6, finding that the State had "acted in bad faith by violating th[e] Court's direct order by failing to timely produce the discovery to [Martin] or to seek an extension to produce the discovery or to show good cause why it failed to do so." This appeal followed.

The State argues that the trial court erred in finding that it acted in bad faith and that Martin was prejudiced. Although we find nothing in the record to justify the State's failure to adhere to the court-imposed discovery deadline, neither do we find evidence of bad faith. Absent such evidence, the trial court's order cannot stand.

Under Georgia's reciprocal discovery statute,[1] "[t]he prosecuting attorney shall, not later than ten days prior to trial, or at such time as the court orders," disclose and make available to the defendant certain statutory discovery. See OCGA § 17-16-4 (a) (1). "If [a party] fails to comply with its statutory discovery obligations, the trial court has discretion under OCGA § 17-16-6 to fashion an appropriate remedy." (Citation omitted.) *Hawkins v. State*, 304 Ga. 299, 305 (4) (b) (818 SE2d

---

[1] The State concedes that the reciprocal discovery rules apply to this case.

513) (2018). "The purpose is twofold: to deter the State from violating its discovery obligations and to correct the prejudice to defendants caused by such violations." *Marshall v. State*, 230 Ga. App. 116, 118 (495 SE2d 585) (1998). OCGA § 17-16-6 provides in part that if the State fails to comply with its obligations under the reciprocal discovery provisions of OCGA § 17-16-1 et seq.,

> the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, *upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed* or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

(Emphasis supplied.) "Exclusion of evidence pursuant to OCGA § 17-16-6 is a particularly harsh sanction that should be imposed only where there is a showing of bad faith by the party that has failed to comply with its discovery obligation and prejudice to the other party." (Citation and punctuation omitted.) *Bryant*, 307 Ga. at 853 (1).

A party's failure to timely provide discovery to another party, without more, is insufficient to show bad faith. See *Phillips v. State*, 347 Ga. App. 147, 152 (2) (817 SE2d 711) (2018). This is because "[i]nherent in the concept of bad faith is something

4

more than negligence." *Bryant*, 307 Ga. at 854 (2). While deliberate failure to comply with deadlines may constitute bad faith, failure to comply "due merely to a lack of organization and proper communication, such as that resulting from staff turnover" may amount only to mere negligence. Id. at 855 (2). In this case, the State provided no explanation for its violation of the trial court's discovery deadline, and there was no other evidence on this point. Thus, there was an absence of evidence on the critical issue in the case, i. e., whether the State's violation of the court order was the result of bad faith, negligence, or some other cause. While the State's failure to explain its conduct may have legitimately frustrated the trial court and justified another remedy, see e. g., *Marshall*, 230 Ga. App. at 118 (2), exclusion of the State's evidence was not authorized.

Because Martin had the burden to show bad faith, see *Green v. State*, 307 Ga. 171, 172 (1) (835 SE2d 238) (2019), and he failed to carry that burden, the trial court's exclusion of the State's evidence was error, and we must reverse. See *Phillips v. State*, 347 Ga. App. 147, 153 (817 SE2d 711) (2018) (no showing of bad faith where State was unable to show that defense counsel made any effort to hide evidence).

*Judgment reversed. Miller, P. J., and Markle, J., concur.*