**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 22, 2026**

# In the Court of Appeals of Georgia

A26A0084. KAMDEM v. THE STATE.

PIPKIN, Judge.

Edouard Kamdem was indicted for criminal attempt to commit rape, see OCGA §§ 16-4-1, 16-6-1 (Count 1); improper sexual contact by an employee in the first degree, see OCGA § 16-6-5.1(b)(7) (Count 2); and abuse of an elder person, see OCGA § 16-5-102(a) (Count 3), for crimes committed against F. R. At trial, after the State rested, the court reduced Count 2 to a misdemeanor. See OCGA § 16-5-5.1(c)(7), (g). Thereafter, the jury found Kamdem guilty of all charges, and he was sentenced to 25 years to serve in confinement. After hearing Kamdem's motion for new trial, the trial court vacated Kamdem's conviction and sentence for abuse of an elder person and re-entered the 25 year sentence on his two remaining convictions. On

appeal, Kamdem alleges that the evidence was insufficient to support his conviction for criminal attempt rape, that the trial court erred by admitting certain evidence at trial, and that he received ineffective assistance of counsel. We affirm.

1. Kamdem contends that, as a matter of Georgia statutory law, the evidence presented at trial was insufficient to sustain his conviction for criminal attempt to commit rape because the evidence of his guilt was entirely circumstantial. See OCGA § 24-14-6. We conclude that the evidence presented at trial was sufficient to support Kamdem's conviction. Under OCGA § 24-14-6,

> in order to convict [Kamdem] of the crimes based solely upon circumstantial evidence, the proven facts had to be consistent with the hypothesis of his guilt and exclude every reasonable hypothesis save that of his guilt. Not every hypothesis is reasonable, and the evidence does not have to exclude every conceivable inference or hypothesis; it need rule out only those that are reasonable.

*Cochran v. State*, 305 Ga. 827, 829(1) (828 SE2d 338) (2019) (citation modified).

The evidence presented at trial shows the following. At all relevant times, F. R. was a live-in patient at the Mann House, a care facility in Fulton County. She was an elderly, non-ambulatory, dementia patient who needed 24-hour care. On September 5, 2021, Shena Edgerton was working as a supervisor at the care facility, and Kamdem was a nursing assistant who was also working that shift. That night, Edgerton went

looking for Kamdem to give him his shift assignments. Around midnight, she walked into the victim's room to check on her; the room was dark so Edgerton turned on the lights. When she did, she found Kamdem in the victim's bed; the victim was flat on her back, and Kamdem was on top of her, his buttocks were exposed and he was making a thrusting motion like he was having intercourse. Edgerton started screaming and yelling at Kamdem to stop; Kamdem hurriedly fixed himself and followed Edgerton out of the room. Video surveillance captured Kamdem re-doing his pants and belt while he followed a distraught Edgerton out of the room. Edgerton later returned to F. R.'s room to check on her and saw that the victim's blanket was pulled back, that her adult diaper was left open and was pulled down, and that she had soiled herself. The State presented evidence that nursing assistants like Kamdem were not to assist residents in the dark and that they are not supposed to be in bed with a resident. Edgerton reported the incident to the care facility's business manager; approximately three days later, the business manager reported the incident to the owners of the care facility and then contacted law enforcement. Kamdem took the stand and testified that he was in the victim's room to conduct his normal tasks and

that he was sitting on the edge of the victim's bed to change her adult diaper when Edgerton entered the room. He denied assaulting the victim.

Kamdem claims on appeal that the State's evidence was insufficient because it did not exclude the reasonable hypothesis that he was merely changing the victim's soiled diaper. Whether the evidence excludes every other reasonable hypothesis is a question for the jury, see *Collett v. State*, 305 Ga. 853, 855(1) (828 SE2d 362) (2019), and that finding will not be disturbed on appeal unless the verdict is insupportable as a matter of law, see *Akhimie v. State*, 297 Ga. 801, 804(1) (777 SE2d 683) (2015). Here, the evidence as recounted above was sufficient to authorize the jury to reject as unreasonable Kamdem's alternative hypothesis. See *Worthen v. State*, 304 Ga. 862, 867(3)(c) (823 SE2d 291) (2019) ("Jurors are normally entitled to make reasonable inferences from circumstantial evidence regarding all sorts of facts, including the facts necessary to find defendants guilty beyond a reasonable doubt[.]"). Consequently, the evidence was sufficient to authorize the jury to "exclude every other reasonable hypothesis save that of . . . guilt." OCGA § 24-14-6. See also OCGA §§ 16-4-1 (defining criminal attempt), 16-6-1 (defining rape).

2. Prior to trial, the State received a single surveillance video from law enforcement from the night of the incident. That video, admitted at trial as State's Exhibit 10, was produced to the defense in discovery. During trial, however, the prosecutor received two additional surveillance videos – State's Exhibits 11 and 12 – from the owner of the care facility and immediately turned those additional videos over to the defense. Those videos showed Kamdem following Edgerton out of the victim's room and adjusting his clothing. The defense objected to the admission of the additional videos, arguing that the court should preclude the evidence based upon the State's violation of the reciprocal discovery statute. Following a hearing conducted outside the presence of the jury, the trial court concluded that the State's failure to produce the two additional videos was not made in bad faith and, after giving the defense additional time to review the evidence, admitted the videos at trial. Kamdem now challenges this ruling on appeal.

As we have previously explained,

[w]hen, as in the instant case, a criminal defendant elects to engage in reciprocal discovery under Georgia's Criminal Procedure Discovery Act, the state and the defendant are required to produce certain types of evidence and information. See OCGA § 17-16-1 et seq. If it comes to the attention of the trial court that either the state or the defendant has failed to comply with the requirements of the Act, the court has wide latitude

5

in fashioning a remedy for such violation. OCGA § 17-16-6 provid[es] in pertinent part that if the state fails to comply, the court may order the state to permit the discovery, interview the witness, grant a continuance, or *prohibit introduction of the evidence upon a showing of prejudice and bad faith*. As we have noted, this broad discretion allows such remedy as is warranted to ensure a fair trial. The remedy a trial court fashions to cure a discovery violation is reviewed on appeal only for abuse of discretion.

*Rowland v. State*, 349 Ga. App. 650, 652(2) (825 SE2d 231) (2019) (emphasis supplied; citation modified). See also *State v. Bryant*, 307 Ga. 850, 853(1) (838 SE2d 855) (2020) (explaining that we review a trial court's ruling under OCGA § 17-16-6 for an abuse of discretion, but we review the trial court's factual findings under the statute as to bad faith and prejudice for clear error).

On appeal, Kamdem asserts that the trial court erred in overruling his objection because, he says, the trial court determined that the untimely exhibits were "prejudicial." While it is true that the trial court agreed with Kamdem that the exhibits were prejudicial to his defense, prejudice alone is insufficient to warrant the exclusion of evidence under OCGA § 17-16-6; instead, "[e]xclusion of evidence ... should only be imposed where there is a showing of bad faith by the party that has failed to comply with its discovery obligation and prejudice to the other party." *Bryant*, 307 Ga. at 853(1). Here, the trial court determined that the State had not acted

in bad faith, and Kamdem does not challenge that conclusion on appeal; consequently, he cannot demonstrate in this Court that the trial court erred or that he is entitled to relief.

In any event, the trial court's ruling was sound. During the relevant hearing, the trial court learned that there had been on-going issues with the care facility providing evidence to the lead investigator at the correct email address and that it was unclear when or if the lead detective had actually received the two exhibits from the care facility. Based on the foregoing, we cannot say that the trial court erred by concluding that there was no bad faith and in refusing to exclude the surveillance evidence. See *State v. Martain*, 372 Ga. App. 746, 747-48 (906 SE2d 446) (2024) (where defendant failed to carry burden to show bad faith, the trial court's exclusion of the State's evidence was error); *Phillips v. State*, 347 Ga. App. 147, 153(2) (817 SE2d 711) (absent showing of bad faith, exclusion of defendant's jail medical records was inappropriate sanction).

3. Kamdem next alleges that he received ineffective assistance of counsel at trial based upon his attorney's failure to: (a) request that the jury be charged on the lesser included offense of misdemeanor sexual battery, (b) file a general demurrer after the

7

jury was sworn and jeopardy attached, (c) move in limine to exclude evidence of the victim's civil settlement with the Mann House, (d) raise a bolstering objection to a witness's testimony on redirect, (e) object to inadmissible hearsay testimony, and (f) invoke the rule of lenity at sentencing. He further alleges that the cumulative effect of these errors prejudiced his case. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. See *Strickland v. Washington*, 466 U. S. 668(III) (104 SCt 2052, 80 LE2d 674) (1984). If the defendant fails to satisfy either prong of the *Strickland* test, this Court is not required to examine the other. See *Green v. State*, 291 Ga. 579, 580(2) (731 SE2d 359) (2012).

"A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U. S. 86, 104(IV) (131 SCt 770, 178 LE2d 624) (2011) (citation modified). Indeed, "[t]rial tactics and strategy . . . are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." *McNair*

8

*v. State*, 296 Ga. 181, 184(2)(b) (766 SE2d 45) (2014) (citation modified). "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Wright v. State*, 291 Ga. 869, 870(2) (734 SE2d 876) (2012) (citation modified). With these principles in mind, we review Kamdem's claims of ineffective assistance.

(a) Kamdem alleges that trial counsel was ineffective for failing to request a jury charge on the lesser-included offense of misdemeanor sexual battery pursuant to OCGA § 16-6-22.1. Trial counsel testified at the motion for new trial hearing that her defense theory was to emphasize the lack of evidence to support the charges and argue reasonable doubt. Counsel testified that Kamdem never informed her that he had committed a sexual battery rather than attempted rape, and the record shows that Kamdem took the stand and testified that he had no sexual contact with the victim whatsoever.

Given the defense strategy at trial, Kamdem's trial testimony denying wrongdoing, and the evidence presented at the motion hearing, the trial court was authorized to conclude that counsel was not professionally deficient in failing to

request a jury instruction on misdemeanor sexual battery as lesser a included offense of criminal attempt rape. See, e.g., *Seals v. State*, 350 Ga. App. 787, 796–97(3)(a) (830 SE2d 315) (2019) ("An attorney's decision about which defense to present is a question of trial strategy, and more specifically, pursuit of an 'all or nothing' defense generally is a permissible trial strategy." (citation modified)); *Smith v. State*, 301 Ga. 348, 353(III)(b) (801 SE2d 18) (2017) ("Decisions about which jury charges to request are classic matters of trial strategy." (citation modified)). Accordingly, this claim fails.

(b) As discussed above, Count 2 of Kamdem's indictment charged a felony violation of OCGA § 16-6-5.1(b), but the trial court downgraded this count to a misdemeanor during trial after determining that the wording of the indictment charged a misdemeanor, not a felony violation. Kamdem argues that trial counsel was ineffective for failing to file a general demurrer to Count 2 of the indictment because, he argues, the indictment "failed to allege the crime pled." We disagree.

"A general demurrer challenges the sufficiency of the substance of the indictment, and asks whether it is capable of supporting a conviction." *Holtzclaw v. State*, 367 Ga. App. 687, 689 (888 SE2d 214) (2023). It is well settled that

> an indictment is subject to a general demurrer if the accused could admit
> each and every fact alleged in the indictment and still be innocent of any

10

crime. If, on the other hand, the admission of the facts alleged in the indictment leads to the conclusion that the defendant is guilty of the charged crime, the indictment is sufficient.

Id. "In other words, a general demurrer is essentially a claim that the indictment is fatally defective and, therefore, void, because it fails to allege facts that constitute the charged crime or any other crime, including a lesser included offense of the charged crime." *State v. Wilson*, 318 Ga. App. 88, 92(1) (732 SE2d 330) (2012).

Here, the indictment returned against Kamdem ostensibly charged him under OCGA § 16-6-5.1(b) with "Improper Sexual Contact by Employee or Agent in the First Degree" – which is a felony, see OCGA § 16-6-5.1(f) – by alleging that he *"did unlawfully engage in sexual contact* with [F. R.], a person who is admitted for care at The Mann house, a sensitive care facility of which the accused is an employee[.]" (Emphasis supplied.) However, the actual language of OCGA § 16-6-5.1(b) provides as follows:

> An employee or agent commits the offense of improper sexual contact by employee or agent in the first degree when such employee or agent knowingly *engages in sexually explicit conduct* with another person whom such employee or agent knows or reasonably should have known is contemporaneously...(7) Admitted for care at a sensitive care facility of which he or she is an employee or agent.

11

(Emphasis supplied.) Thus, the indictment did not precisely recite the language of OCGA § 16-5-5.1(b). Instead, the indictment tracks the language of OCGA § 16-6-5.1(c) – "Improper Sexual Contact by Employee or Agent in the Second Degree," a misdemeanor, see OCGA § 16-6-5.1(g) – which provides that such offense is committed "when such employee or agent knowingly *engages in sexual contact*, excluding sexually explicit conduct, with another person whom such employee or agent knows or reasonably should have known is contemporaneously ... (7) Admitted for care at a sensitive care facility of which he or she is an employee or agent." OCGA § 16-6-5.1(c) (emphasis supplied.)

Here, despite any error in reciting the language of OCGA § 16-5-5.1(b), Kamdem clearly could not admit to the allegations in the indictment without being guilty of the misdemeanor offense under the statute. See, e.g., *Wilson*, 318 Ga. App. at 94-97(1)(c). Therefore a general demurrer would have been meritless, and trial counsel "cannot be ineffective for failing to make a meritless motion." *Fleming v.*

*State*, 306 Ga. 240, 250 (830 SE2d 129) (2019).[1]

(c) At trial, during the prosecutor's direct examination of the victim's wife, the following exchange occurred:

> Q: After she was removed from The Mann House, ... did you file suit against the Mann House?
> A: I did.
> Q: And how did that end?
> A: We were awarded – I think it was $500,000.00.

Trial counsel did not object to this line of questioning, and Kamdem argues that counsel's failure to object amounted to ineffective assistance because the admission of this evidence was a violation of OCGA § 24-4-408(a) (rule of evidence precluding admission of evidence regarding settlement to prove liability). We disagree.

---

[1] Kamdem contends that, because the indictment failed to include the mens rea element of "knowingly," it failed to allege a misdemeanor crime under the statute. However, this Court recently rejected a similar argument in *Tate-Jesurum v. State*, 368 Ga. App. 710, 713 (890 SE2d 78) (2023), noting that "in the absence of an express, statutorily-defined mens rea element, the allegation of criminal intent is necessarily inferred from an indictment that charges an offense in the language of the statute and alleges it was committed unlawfully." Id. Moreover, to the extent that Kamdem contends that trial counsel should have filed a general demurrer because there was a variance between the named offense and the facts alleged in the indictment, such a challenge must be brought by a special rather than a general demurrer. *Wilson*, 318 Ga. App. at 93-94(1)(b).

"Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." *Hardin v. State*, 344 Ga. App. 378, 383(1)(b) (810 SE2d 602) (2018) (citation modified). "Reasonable decisions regarding whether to forego raising a specific objection are ordinarily matters of trial strategy and provide no ground for reversal." *Carcamo v. State*, 348 Ga. App. 383, 395–96(2)(f) (823 SE2d 68) (2019) (citation modified). "And, a decision to wait and respond to certain questioning of a witness during closing argument, instead of objecting at the time of the questioning, can be a reasonable trial strategy." Id. at 396(2)(f).

The record shows that, while counsel did not object to this line of questioning during trial, she did heavily rely on this evidence during her closing argument in order to emphasize the care facility's mishandling of the entire criminal investigation, beginning with their failure to report the crime for three days and ending with their admitted destruction of physical evidence of the crime. Based on the foregoing, trial counsel's decision to forgo objecting to this line of questioning and, instead,

14

emphasize this evidence to support her reasonable doubt and lack of evidence theories during closing argument did not constitute deficient performance.

(d) During cross-examination of the care facility's business manager, trial counsel asked whether any of the facility's employees had reported seeing Kamdem abuse or neglect a resident. The business manager testified that, out of all of the employees she spoke with, all of them confirmed that they had never seen Kamdem abuse or neglect a resident. On re-direct, the following occurred:

Q: Ms. Sellars, you testified that this is something that's never happened before, correct?
A: Correct.
Q: And that's why it shocked you?
A: Correct.
Q: Do you have any reason to believe – to not believe what Ms. Edgerton told you?
A: No reason not to believe what she said.

Trial counsel did not object to the last question; Kamdem alleges that this line of questioning amounted to witness bolstering and that counsel's failure to object rendered counsel ineffective. However, it was counsel's questioning on cross-examination which prompted the prosecutor's question on re-direct, rendering any potential objection by trial counsel meritless. Accordingly, Kamdem cannot show that trial counsel acted deficiently by failing to object. See *Kuprian v. State*, 359 Ga. App.

692, 694(3)(a) (859 SE2d 843) (2021). See also *Newman v. State*, 309 Ga. 171, 180(2)(f) (844 SE2d 775) (2020) ("Because trial counsel had already opened the door to the State's questions by pursuing the same line of questioning immediately beforehand, an objection to, or a motion for mistrial relating to, the State's questions on redirect would have been meritless.").

(e) Next, Kamdem argues that trial counsel was ineffective for failing to object to a handful of statements made at trial that, Kamdem argues, amounted to inadmissible hearsay. However, Kamdem fails to provide any legal authority or analysis showing that the complained of statements qualified as hearsay, how trial counsel was deficient for failing to lodge objections to these statements, and that this failure prejudiced him at trial. "Because [Kamdem] has failed to make any meaningful argument beyond his conclusory statements, he has not demonstrated any deficient performance by the record and this enumeration fails." *Rucker v. State*, 378 Ga. App. 563, 566(1)(b) (926 SE2d 680) (2026).

(f) In his final claim, Kamdem argues that counsel was ineffective for failing to argue for the rule of lenity at sentencing. Specifically, Kamdem argues that because his conduct violated two different criminal statutes – OCGA §§ 16-4-1 (criminal

attempt) and 16-5-21(a)(1) (aggravated assault with intent to rape) – that pursuant to the rule of lenity, he was entitled to be sentenced to the charge that carried the lesser sentence. Kamdem contends that counsel's failure to argue the rule of lenity at sentencing amounted to ineffective assistance. We disagree.

Contrary to Kamdem's assertion, a defendant does not get the benefit of the rule of lenity simply because the act, as a factual matter, may have violated more than one criminal statute. See *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007). Indeed, Kamdem's "argument rests on a fundamental misunderstanding of the proper application of the rule of lenity as raised here and thus fails." *Davis v. State*, 306 Ga. 140, 142(2) (829 SE2d 321) (2019). It is well settled that

> [a]lthough the rule of lenity may require a court to reverse a conviction based upon the violation of a statutory provision that has been effectively abrogated by a duplicative provision imposing a lesser penalty, the rule does not allow the court to impose a sentence for an offense different than the one unambiguously provided for in the statute to which the defendant pled or was found guilty.

*Kamusoko v. State*, 362 Ga. App. 276, 285(4) (868 SE2d 253) (2022) (citation modified). Here, Kamdem was not charged with or convicted of aggravated assault with intent to rape. Instead he was charged with and convicted of criminal attempt to commit rape and was sentenced accordingly. Thus, the rule of lenity was not available

17

for Kamdem, see id. as 285-86(4); *Davis*, 306 Ga. at 143(2), and counsel cannot be ineffective for failing to make the meritless request.

(g) Finally, Kamdem argues that the cumulative effect of counsel's alleged errors prejudiced his case. "To establish cumulative error[, Appellant] must show that (1) at least two errors were committed in the course of the trial; [and] (2) considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied [Appellant] a fundamentally fair trial." *State v. Lane*, 308 Ga. 10, 21(4) (838 SE2d 808) (2020) (citation modified). "However, when reviewing a claim of cumulative prejudice, we evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors." *Flood v. State*, 311 Ga. 800, 808–09(2)(d) (860 SE2d 731) (2021) (citation modified). Here, Kamdem has failed to show more than one error that would provide this Court with a basis for reviewing cumulative effect. Accordingly, this argument fails.

*Judgment affirmed. Dillard, P. J., and Gobeil, J., concur.*